UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

                     Plaintiff,

            v.

BRIAN N. LINES;
SCOTT G. S. LINES;
LOM (HOLDINGS) LTD.;
LINES OVERSEAS MANAGEMENT LTD.;
LOM CAPITAL LTD.;
LOM SECURITIES (BERMUDA) LTD.;
LOM SECURITIES (CAYMAN) LTD.;
LOM SECURITIES (BAHAMAS) LTD.;
ANTHONY W. WILE;
WAYNE E. WILE;
ROBERT J. CHAPMAN;
WILLIAM TODD PEEVER;
PHILLIP JAMES CURTIS; AND
RYAN G. LEEDS,

                     Defendants.

Civil Action No 07 cv 11387 (DLC)

## MOTION FOR ADMISSION *PRO HAC VICE* OF DAVID WILLIAMS AND MEMORANDUM OF SUPPORT

Pursuant to Rule 7 of the Federal Rules of Civil Procedure and Local Civil Rule 1.3(c) Plaintiff Securities and Exchange Commission, through its counsel, moves for admission *Pro Hac Vice* of David Williams to represent the Commission in the above-referenced case.

## MEMORANDUM IN SUPPORT OF MOTION

This motion should be granted for the reasons set forth below:

1. David Williams was admitted to practice law in the state of California on December 2, 1996, and he remains in good standing in that jurisdiction. (Declaration of David Williams In Support Of Motion For Admission *Pro Hac Vice*, paragraph 3, dated January 3, 2008) ("Williams Decl.").

2. Mr. Williams is an attorney in the Washington D.C. office of Plaintiff Securities and Exchange Commission. (Williams Decl., paragraph 1).

3. Mr. Williams has never been held in contempt of court, never been censured, suspended, disbarred or disciplined by any court. (Williams Decl., paragraph 4).

4. Mr. Williams has attached to his Declaration a certificate of good standing from the state of California.

For these reasons, the Court should grant this motion and issue the attached proposed Order.

Dated: January 3, 2008

Respectfully submitted,

*/s/ Mark A. Adler*

Mark A. Adler (MA-8703)
Attorney for Plaintiff
Securities and Exchange Commission
Division of Enforcement
100 F Street, N.E.
Washington, D.C. 20549-4030
Telephone: (202) 551-4402
adlerma@sec.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                              Plaintiff,<br><br>v.<br><br>BRIAN N. LINES;<br>SCOTT G. S. LINES;<br>LOM (HOLDINGS) LTD.;<br>LINES OVERSEAS MANAGEMENT LTD.;<br>LOM CAPITAL LTD.;<br>LOM SECURITIES (BERMUDA) LTD.;<br>LOM SECURITIES (CAYMAN) LTD.;<br>LOM SECURITIES (BAHAMAS) LTD.;<br>ANTHONY W. WILE;<br>WAYNE E. WILE;<br>ROBERT J. CHAPMAN;<br>WILLIAM TODD PEEVER;<br>PHILLIP JAMES CURTIS; AND<br>RYAN G. LEEDS,<br><br>                              Defendants. | Civil Action No. 07 cv 11387 (DLC) |

<u>DECLARATION OF DAVID WILLIAMS
IN SUPPORT OF MOTION FOR ADMISSION *PRO HAC VICE*</u>

I, A. David Williams, pursuant to 28 U.S.C. § 1746, declare as follows:

1.  I am an attorney in the Washington D.C. office of Plaintiff Securities and Exchange Commission.

2.  I make this Declaration in support of Plaintiff's Motion for Admission *Pro Hac Vice*.

3.  I was admitted to practice law in the state of California on December 2, 1996.

4.  I am in good standing in this jurisdiction and have never been held in contempt of court, never been censured, suspended, disbarred or disciplined by any court.

- 2 -

5.   In addition to submitting this Declaration, I am forwarding to the Court a certificate of good standing from the state of California.

I certify under penalty of perjury that the foregoing statements made by me are true and correct.

_____
A. David Williams

Executed on January 3, 2008
Washington, D.C.

**THE STATE BAR
OF CALIFORNIA**

**MEMBER SERVICES CENTER**

180 HOWARD STREET, SAN FRANCISCO, CALIFORNIA  94105-1639

TELEPHONE: 888-800-3400

April 30, 2008

TO WHOM IT MAY CONCERN:

This is to certify that according to the records of the State Bar, ALVIN DAVID WILLIAMS, #183854 was admitted to the practice of law in this state by the Supreme Court of California on December 2, 1996; and has been since that date, and is at date hereof, an ACTIVE member of the State Bar of California; and that no recommendation for discipline for professional or other misconduct has ever been made by the Board of Governors or a Disciplinary Board to the Supreme Court of the State of California.

THE STATE BAR OF CALIFORNIA

Kath Lambert
Custodian of Membership Records

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

               Plaintiff,

v.

BRIAN N. LINES;
SCOTT G. S. LINES;
LOM (HOLDINGS) LTD.;
LINES OVERSEAS MANAGEMENT LTD.;
LOM CAPITAL LTD.;
LOM SECURITIES (BERMUDA) LTD.;
LOM SECURITIES (CAYMAN) LTD.;
LOM SECURITIES (BAHAMAS) LTD.;
ANTHONY W. WILE;
WAYNE E. WILE;
ROBERT J. CHAPMAN;
WILLIAM TODD PEEVER;
PHILLIP JAMES CURTIS; AND
RYAN G. LEEDS,

               Defendants.

Civil Action No 07 cv 11387 (DLC)

---

## [PROPOSED] ORDER FOR ADMISSION *PRO HAC VICE* OF DAVID WILLIAMS ON WRITTEN MOTION

Upon the motion of attorney for and said sponsor attorney's affidavit in support;

**IT IS HEREBY ORDERED** that

          David Williams
          Attorney for Plaintiff
          Securities and Exchange Commission
          Division of Enforcement
          100 F Street, N.E.
          Washington, D.C. 20549-4030
          Telephone: (202) 551-4402
          williamsdav@sec.gov

is admitted to practice pro hac vice as counsel for in the above captioned case in the United States District Court for the Southern District of New York. All attorneys appearing before this Court are subject to the Local Rules of this Court, including the Rules governing discipline of attorneys. If this action is assigned to the Electronic Case Filing (ECF) system, counsel shall immediately apply for an ECF password at nysd.uscourts.gov.

Counsel shall forward the pro hac vice fee to the Clerk of Court.


Dated:                                             _____
                                                    United States District Judge

⊗AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: <u>     David Williams                                    </u>
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, <u>  LOM SECURITIES (CAYMAN) LTD.       </u>, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of <u>   SEC v. Brian Lines, et al.    </u>,
(CAPTION OF ACTION)

which is case number <u>      07 cv 11387                </u> in the United States District Court
(DOCKET NUMBER)

for the <u>  Southern   </u> District of <u>  New York             </u>.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you ~~within 60 days after~~ *RMF*     <u>  January 11, 2008  </u>,
(DATE REQUEST WAS SENT)

~~or~~ within 90 days after that date if the request was sent outside the United States.

<u>  February 15, 2008   </u>     <u>  /s/ signature    </u>
(DATE)                          (SIGNATURE)

Printed/Typed Name: <u>  REID M. FIGEL  </u>

As <u>  Counsel to  </u>  of <u>  LOM Securities (Cayman) Ltd  </u>
(TITLE)                    (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

⬥AO 399 (Rev. 10/95)

## WAIVER OF SERVICE OF SUMMONS

TO: __David Williams__
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, __LOM SECURITIES (BERMUDA) LTD.__, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of __SEC v. Brian Lines, et al.__,
(CAPTION OF ACTION)

which is case number __07 cv 11387__ in the United States District Court
(DOCKET NUMBER)

for the __Southern__ District of __New York__.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you ~~within 60 days after~~ *but* __January 11, 2008__,
(DATE REQUEST WAS SENT)

~~or~~ within 90 days after that date if the request was sent outside the United States.

__February 15, 2008__   __[signature]__
(DATE)   (SIGNATURE)

Printed/Typed Name: __REID M. FIELD__

As __Counsel to__ of __LOM Securities (Bermuda) Ltd__
(TITLE)   (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

◎AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: __David Williams__
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, __LOM SECURITIES (BAHAMAS) LTD.__, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of __SEC v. Brian Lines, et al.__,
(CAPTION OF ACTION)

which is case number __07 cv 11387__ in the United States District Court
(DOCKET NUMBER)

for the __Southern__ District of __New York__.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you ~~within 60 days after~~ __January 11, 2008__,
(DATE REQUEST WAS SENT)

~~or~~ within 90 days after that date if the request was sent outside the United States.

__February 15, 2008__
(DATE)

(SIGNATURE)

Printed/Typed Name: REID M. FIEEL

As __Counsel to__ of __LOM Securities (Bahamas) Ltd__
(TITLE)          (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

⬥AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: <u>David Williams</u>
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, <u>LOM CAPITAL LTD.</u>, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of <u>SEC v. Brian Lines, et al.</u>,
(CAPTION OF ACTION)

which is case number <u>07 cv 11387</u> in the United States District Court
(DOCKET NUMBER)

for the <u>Southern</u> District of <u>New York</u>.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you ~~within 60 days after~~ *but* <u>January 11, 2008</u>,
(DATE REQUEST WAS SENT)

~~or~~ within 90 days after that date if the request was sent outside the United States.

<u>*February 15, 2008*</u>    <u>*[signature]*</u>
(DATE)                                     (SIGNATURE)

Printed/Typed Name: *REID M. FIEL*

As *Counsel to* of *LOM Capital Ltd*
(TITLE)                  (CORPORATE DEFENDANT)

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

◈AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO:     <u>David Williams</u>
          (NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, <u>LINES OVERSEAS MANAGEMENT LTD.</u>, acknowledge receipt of your request
          (DEFENDANT NAME)

that I waive service of summons in the action of <u>SEC v. Brian Lines, et al.</u>,
                                                  (CAPTION OF ACTION)

which is case number <u>07 cv 11387</u> in the United States District Court
                       (DOCKET NUMBER)

for the <u>Southern</u> District of <u>New York</u>.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you ~~within 60 days after~~ *RMF* <u>January 11, 2008</u>,
                                                                                                        (DATE REQUEST WAS SENT)
~~or within 90 days after that date if the request was sent outside the United States.~~

<u>February 15, 2008</u>     <u>[signature]</u>
      (DATE)                    (SIGNATURE)

Printed/Typed Name: *RED M. FIED*

As <u>*Counsel to*</u>     of <u>*LINES OVERSEAS MANAGEMENT, LTD*</u>
        (TITLE)                         (CORPORATE DEFENDANT)

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: __David Williams__
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, __LOM (HOLDINGS) LTD.__, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of __SEC v. Brian Lines, et al.__,
(CAPTION OF ACTION)

which is case number __07 cv 11387__ in the United States District Court
(DOCKET NUMBER)

for the __Southern__ District of __New York__.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you ~~within 60 days after~~ *Rmf* __January 11, 2008__,
(DATE REQUEST WAS SENT)

~~or~~ within 90 days after that date if the request was sent outside the United States.

__February 15, 2008__    [signature]
(DATE)                    (SIGNATURE)

Printed/Typed Name: __REID M. FIGEL__

As __Counsel to__ of __LOM (Holdings) Ltd__
       (TITLE)              (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: __David Williams__
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, __Brian Lines__, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of __SEC v. Brian Lines, et al.__,
(CAPTION OF ACTION)

which is case number __07 cv 11387__ in the United States District Court
(DOCKET NUMBER)

for the __Southern__ District of __New York__.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after __January 25, 2008__,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

__Feb 06 08__                             __[signature]__
(DATE)                                    (SIGNATURE)

Printed/Typed Name: __Brian Lines__

As _____ of _____
(TITLE)                        (CORPORATE DEFENDANT)

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.