```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
SECURITIES AND EXCHANGE COMMISSION,      :
                                         :
                    Plaintiff,           :   07 Civ. 11387 (DLC)
                                         :
          -v-                            :   ORDER
                                         :
BRIAN N. LINES, SCOTT G.S. LINES, LOM    :
(HOLDINGS) LTD., LINES OVERSEAS          :
MANAGEMENT LTD., LOM CAPITAL LTD., LOM   :
SECURITIES (BERMUDA) LTD., LOM           :
SECURITIES (CAYMAN) LTD., LOM            :
SECURITIES (BAHAMAS) LTD., ANTHONY W.    :
WILE, WAYNE E. WILE, ROBERT J. CHAPMAN,  :
WILLIAM TODD PEEVER, PHILLIP JAMES       :
CURTIS, and RYAN G. LEEDS,               :
                                         :
                    Defendants.          :
-----------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/21/08

DENISE COTE, District Judge:

Plaintiff has filed a motion on July 3, 2008 for an order directing alternative means of service for four individual defendants whom it believes to be located in four different countries: Canada, the Cayman Islands, Mexico, and Switzerland. Each of these countries is a member of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Service Convention"). Use of the Hague Service Convention's procedures is mandatory when serving a defendant residing in a foreign country that is a signatory to the Convention. To obtain permission for alternative service pursuant to Fed. R. Civ. P. 4(f)(3), a

plaintiff must demonstrate why service through the foreign country's Central Authority under the Hague Service Convention's procedures should not be required. If alternative service pursuant to Fed. R. Civ. P. 4(f)(3) is requested, the plaintiff must also show that the method is not prohibited by the Hague Service Convention or by any other applicable international agreement. See RSM Prod. Corp. v. Fridman, No. 06 Civ. 11512 (DLC), 2007 WL 2295907, at *3-4 (S.D.N.Y. Aug. 10, 2007); RSM Prod. Corp. v. Fridman, No. 06 Civ. 11512 (DLC), 2007 WL 1515068, at *1 (S.D.N.Y. May 24, 2007).

In its application for an order directing alternative means of service, the plaintiff has adequately shown that the four defendants at issue must be served abroad. It has not, however, shown why the Hague Service Convention procedures should not be followed. Further, while the plaintiff proposes to serve three of the four defendants by mail, it requests permission to serve the fourth defendant, Anthony Wile, by e-mail in Switzerland. Switzerland has opted out of Article 10 of the Hague Service Convention, which permits service by postal channels unless the member country has specifically objected to this method. Thus, even if the plaintiff had shown that service through Switzerland's Central Authority should not be required with respect to Anthony Wile, it has not shown that e-mail service is a means not prohibited by international agreement. The

2

authorities to which the plaintiff cites either do not implicate the Hague Service Convention or fail adequately to address this question. Accordingly, it is hereby

ORDERED that the plaintiff show why service through each country's Central Authority should not be required.

IT IS FURTHER ORDERED that if the plaintiff makes this showing with respect to Anthony Wile, it must also show that e-mail service is not a method prohibited by the Hague Service Convention in a foreign country that has specifically objected to service by mail.

IT IS FURTHER ORDERED that the plaintiff's July 3, 2008 motion is denied without prejudice to its renewal upon a proper showing.

SO ORDERED:

Dated:   New York, New York
         July 21, 2008

_____
DENISE COTE
United States District Judge