**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

RECEIVED

AUG 2 1 2008

JUDGE CHIN'S CH.

**SECURITIES AND EXCHANGE**
**COMMISSION,**

           **Plaintiff,**

      **v.**

**BRIAN N. LINES, ET AL.,**

           **Defendants.**

**C.A. No. 07-CV-11387 (DC)**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/25/08

## JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AS TO DEFENDANT PHILLIP JAMES CURTIS

      The Securities and Exchange Commission ("Commission") having filed a Complaint and

Defendant Phillip James Curtis ("Curtis") having waived service of the Complaint and

Summons, entered a general appearance, consented to the Court's jurisdiction over him and the

subject matter of this action, consented to entry of this Judgment without admitting or denying

the allegations of the Complaint (except as to jurisdiction), waived findings of fact and

conclusions of law, and waived any right to appeal from this Judgment:

I.

      IT IS ORDERED, ADJUDGED, AND DECREED that Curtis and Curtis' agents,

servants, employees, attorneys, and all persons in active concert or participation with them who

receive actual notice of this Judgment by personal service or otherwise, are permanently

restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities

Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Curtis and Curtis' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise, are permanently restrained and enjoined from violating Section 5 of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77e], by directly or indirectly, in the absence of any applicable exemption:

(a)     making use of the means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise, unless a registration statement is in effect as to a security;

-2-

(b)     carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, such security for the purpose of sale or for delivery after sale, unless a registration statement is in effect as to a security; or

(c)     making use of the means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise such security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

## III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Curtis and Curtis' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise, are permanently restrained and enjoined from violating, directly or indirectly, Section 13(d) of the Exchange Act [15 U.S.C. § 78m(d)] and Rules 13d-1 and 13d-2 promulgated thereunder [17 C.F.R. §§ 240.13d-1 and 240.13d-2], by, among other things, failing to file, filing in an untimely manner, or filing inaccurate information, in statements with the Commission regarding ownership of an issuer's securities that are registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l].

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Curtis and Curtis'

agents, servants, employees, attorneys, and all persons in active concert or participation with

them who receive actual notice of this Judgment by personal service or otherwise are

permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15

U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of

transportation or communication in interstate commerce or by use of the mails, directly or

indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact

or any omission of a material fact necessary in order to make the statements

made, in light of the circumstances under which they were made, not misleading;

or

    (c)    to engage in any transaction, practice, or course of business which operates or

would operate as a fraud or deceit upon the purchaser.


V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Curtis is permanently

and unconditionally barred from participation in any offering of penny stock, including engaging

in activities with a broker, dealer or issuer for purposes of issuing, trading, or inducing or

attempting to induce the purchase of sale of any penny stock. A penny stock is any equity

security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the

Exchange Act [17 C.F.R. § 240.3a51-1].

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Curtis shall pay

disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to

Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange

Act [15 U.S.C. § 78u(d)(3)].  The Court shall determine the amounts of the disgorgement and

civil penalty upon motion of the Commission.  Prejudgment interest shall be calculated pursuant

to 28 U.S.C. § 1961 from June 23, 2003.  In connection with the Commission's motion for

disgorgement and/or civil penalties, and at any hearing on such a motion: (a) Curtis will be

precluded from arguing that he did not violate the federal securities laws as alleged in the

Complaint; (b) Curtis may not challenge the validity of this Judgment or the Consent; (c) solely

for the purposes of such a motion, the allegations of the Complaint shall be accepted as and

deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the

basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and

documentary evidence, without regard to the standards for summary judgment contained in Rule

56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion for

disgorgement and/or civil penalties, the parties may take discovery, including discovery from the

appropriate non-parties.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, in connection with

this action and any related judicial or administrative proceeding or investigation commenced by

the Commission or to which the Commission is a party, Curtis: (i) agrees to be deposed by

Commission staff, upon reasonable notice, either telephonically or at a location in Vancouver,

British Columbia; (ii) will accept service by mail or facsimile transmission of subpoenas issued

by the Commission for production of documents or testimony at a deposition; (iii) appoints

Irving Einhorn, Esq., as agent to receive service of such subpoenas for production of documents

or testimony at a deposition; (iv) with respect to such subpoenas, waives the territorial limits on

service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local

rules; (v) consents to personal jurisdiction over himself in any United States District Court for

purposes of enforcing any such subpoena; and (vi) consents to the production by any third party

of any documents, records, or other information in the third party's possession, custody or

control that the Commission seeks from the third party, by subpoena or otherwise. In connection

with these Undertakings, Curtis is not waiving any applicable rights under the Fifth Amendment

to the U.S. Constitution.


### VIII.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Consent is

incorporated herein with the same force and effect as if fully set forth herein, and that Curtis

shall comply with all of the undertakings and agreements set forth therein.


### IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: August 25, 2008

_____
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>                    **Plaintiff,**<br><br>           **v.**<br><br>**BRIAN N. LINES, ET AL.,**<br><br>                   **Defendants.** | **C.A. No. 07-CV-11387 (DC)** |

### CONSENT OF DEFENDANT PHILLIP JAMES CURTIS TO JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF

1.     Defendant Phillip James Curtis ("Curtis") waives service of the Complaint and Summons in this action, enters a general appearance, and admits the Court's jurisdiction over him and over the subject matter of this action.

2.     Without admitting or denying the allegations of the complaint, except as to personal and subject matter jurisdiction, which Curtis admits, Curtis hereby consents to the entry of the Judgment in the form attached hereto ("Judgment") and incorporated by reference herein, which, among other things:

          (a)     permanently restrains and enjoins Curtis from violating Sections 10(b) and 13(d) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C §§ 78j(b) and 78m(d);

          (b)     permanently restrains and enjoins Curtis from violating Sections 5 and 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C §§ 77e and 77q(a); and

1

      (c)     permanently bars Curtis from participating in any offering of penny stock pursuant to Section 20(g) of the Securities Act [15 U.S.C. § 77t(g)] and Section 21(d)(6) of the Exchange Act [15 U.S.C. § 78u(d)(6)].

3.     Curtis agrees that the Court shall order disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). Curtis further agrees that the amounts of the disgorgement and civil penalty shall be determined by the Court at a hearing upon motion of the Commission, and that prejudgment interest shall be calculated from June 23, 2003, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). Curtis further agrees that in connection with the hearing on the Commission's motion for disgorgement and/or civil penalties: (a) he will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) he may not challenge the validity of this Consent or the Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

4.     Curtis acknowledges having been fully advised and informed of his right to a judicial determination in this matter.

2

5.    Curtis waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6.    Curtis waives the right, if any, to a jury trial, to seek relief from the Judgment under Rule 60(b) of the Federal Rules of Civil Procedure, and to appeal from the entry of the Judgment.

7.    Curtis enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce him to enter into this Consent.

8.    Curtis agrees that this Consent shall be incorporated into the Judgment with the same force and effect as if fully set forth therein.

9.    Curtis will not oppose the enforcement of the Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon. Curtis understands that the Court may adjudge him in civil or criminal contempt if he violates any provision of the Judgment entered pursuant to this Consent.

10.    Curtis waives service of the Judgment and agrees that entry of the Judgment by the Court and filing with the Clerk of the Court will constitute notice to Curtis of its terms and conditions. Curtis further agrees to provide counsel for the Commission, within thirty days after the Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Judgment.

11.    Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Curtis in this civil proceeding. Curtis acknowledges that no promise or

3

representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Curtis waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Curtis further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Curtis understands that he shall not be permitted to contest the factual allegations of the Complaint in this action.

12.    Curtis understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Curtis agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; and (ii) that upon the filing of this Consent, Curtis hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Complaint. If Curtis breaches this agreement, the Commission may petition the Court to vacate the Judgment and restore this action to its active docket. Nothing in this

4

paragraph affects Curtis': (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

13.    Curtis hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Curtis to defend against this action. For these purposes, Curtis agrees that he is not the prevailing party in this action since the parties have reached a good faith settlement.

14.    In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Curtis: (i) agrees to be deposed by Commission staff, upon reasonable notice, either telephonically or at a location in Vancouver, British Columbia; (ii) will accept service by mail or facsimile transmission of subpoenas issued by the Commission for production of documents or testimony at a deposition; (iii) appoints his undersigned attorney as agent to receive service of such subpoenas for production of documents or testimony at a deposition; (iv) with respect to such subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules; (v) consents to personal jurisdiction over himself in any United States District Court for purposes of enforcing any such subpoena; and (vi) consents to the production by any third party of any documents, records, or other information in the third party's possession, custody or control that the Commission seeks from the third party, by subpoena or otherwise. In connection with these Undertakings, Curtis is not waiving any applicable rights under the Fifth Amendment to the U.S. Constitution.

5

15.    Curtis agrees that the Commission may present the Judgment to the Court for signature and entry without further notice.

16.    Curtis agrees that this Court shall retain jurisdiction over this matter for all purposes, including implementing and enforcing the terms of the Judgment and all other orders and decrees that have been and may be entered herein and granting such other relief as the Court may deem necessary and just.

17.    Curtis represents that he has read and understands each provision of this Consent and the attached Judgment before signing the Consent.

Dated: 12-08-08

Phillip James Curtis

On July , 2008, Phillip James Curtis, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

Notary Public
Commission Expires

Approved as to form:

**FILIP de SAGHER**
NOTARY PUBLIC
2515 ALMA STREET
VANCOUVER, B.C. V6R 3R8
TEL: 604-221-4343

Irving A. Einhorn, Esq.
1710 10th St.
Manhatten Beach, Ca. 90266
Attorney for Defendant

6

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

RECEIVED

AUG 2 1 2008

JUDGE OF NY D.

**SECURITIES AND EXCHANGE**
**COMMISSION,**

                                            **Plaintiff,**

                   **v.**

**BRIAN N. LINES, ET AL.,**

                                            **Defendants.**

**C.A. No. 07-CV-11387 (DC)**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  8/25/08

## JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AS TO
## DEFENDANT PHILLIP JAMES CURTIS

The Securities and Exchange Commission ("Commission") having filed a Complaint and

Defendant Phillip James Curtis ("Curtis") having waived service of the Complaint and

Summons, entered a general appearance, consented to the Court's jurisdiction over him and the

subject matter of this action, consented to entry of this Judgment without admitting or denying

the allegations of the Complaint (except as to jurisdiction), waived findings of fact and

conclusions of law, and waived any right to appeal from this Judgment:

I.

IT IS ORDERED, ADJUDGED, AND DECREED that Curtis and Curtis' agents,

servants, employees, attorneys, and all persons in active concert or participation with them who

receive actual notice of this Judgment by personal service or otherwise, are permanently

restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities

-1-

Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Curtis and Curtis' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise, are permanently restrained and enjoined from violating Section 5 of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77e], by directly or indirectly, in the absence of any applicable exemption:

(a)     making use of the means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise, unless a registration statement is in effect as to a security;

(b)     carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, such security for the purpose of sale or for delivery after sale, unless a registration statement is in effect as to a security; or

(c)     making use of the means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise such security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Curtis and Curtis' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise, are permanently restrained and enjoined from violating, directly or indirectly, Section 13(d) of the Exchange Act [15 U.S.C. § 78m(d)] and Rules 13d-1 and 13d-2 promulgated thereunder [17 C.F.R. §§ 240.13d-1 and 240.13d-2], by, among other things, failing to file, filing in an untimely manner, or filing inaccurate information, in statements with the Commission regarding ownership of an issuer's securities that are registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l].

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Curtis and Curtis'

agents, servants, employees, attorneys, and all persons in active concert or participation with

them who receive actual notice of this Judgment by personal service or otherwise are

permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15

U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of

transportation or communication in interstate commerce or by use of the mails, directly or

indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact
or any omission of a material fact necessary in order to make the statements
made, in light of the circumstances under which they were made, not misleading;
or

    (c)    to engage in any transaction, practice, or course of business which operates or
would operate as a fraud or deceit upon the purchaser.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Curtis is permanently

and unconditionally barred from participation in any offering of penny stock, including engaging

in activities with a broker, dealer or issuer for purposes of issuing, trading, or inducing or

attempting to induce the purchase of sale of any penny stock. A penny stock is any equity

security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the

Exchange Act [17 C.F.R. § 240.3a51-1].

-4-

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED  that Curtis shall pay

disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to

Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange

Act [15 U.S.C. § 78u(d)(3)].  The Court shall determine the amounts of the disgorgement and

civil penalty upon motion of the Commission.  Prejudgment interest shall be calculated pursuant

to 28 U.S.C. § 1961 from June 23, 2003.  In connection with the Commission's motion for

disgorgement and/or civil penalties, and at any hearing on such a motion: (a) Curtis will be

precluded from arguing that he did not violate the federal securities laws as alleged in the

Complaint; (b) Curtis may not challenge the validity of this Judgment or the Consent; (c) solely

for the purposes of such a motion, the allegations of the Complaint shall be accepted as and

deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the

basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and

documentary evidence, without regard to the standards for summary judgment contained in Rule

56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion for

disgorgement and/or civil penalties, the parties may take discovery, including discovery from the

appropriate non-parties.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, in connection with

this action and any related judicial or administrative proceeding or investigation commenced by

the Commission or to which the Commission is a party, Curtis: (i) agrees to be deposed by

Commission staff, upon reasonable notice, either telephonically or at a location in Vancouver,

British Columbia; (ii) will accept service by mail or facsimile transmission of subpoenas issued

by the Commission for production of documents or testimony at a deposition; (iii) appoints

Irving Einhorn, Esq., as agent to receive service of such subpoenas for production of documents

or testimony at a deposition; (iv) with respect to such subpoenas, waives the territorial limits on

service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local

rules; (v) consents to personal jurisdiction over himself in any United States District Court for

purposes of enforcing any such subpoena; and (vi) consents to the production by any third party

of any documents, records, or other information in the third party's possession, custody or

control that the Commission seeks from the third party, by subpoena or otherwise. In connection

with these Undertakings, Curtis is not waiving any applicable rights under the Fifth Amendment

to the U.S. Constitution.

### VIII.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Consent is

incorporated herein with the same force and effect as if fully set forth herein, and that Curtis

shall comply with all of the undertakings and agreements set forth therein.

### IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: _August 25, 2008_

_____
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | |
| Plaintiff, | **C.A. No. 07-CV-11387 (DC)** |
| v. | |
| **BRIAN N. LINES, ET AL.,** | |
| Defendants. | |

### CONSENT OF DEFENDANT PHILLIP JAMES CURTIS TO JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF

1.     Defendant Phillip James Curtis ("Curtis") waives service of the Complaint and Summons in this action, enters a general appearance, and admits the Court's jurisdiction over him and over the subject matter of this action.

2.     Without admitting or denying the allegations of the complaint, except as to personal and subject matter jurisdiction, which Curtis admits, Curtis hereby consents to the entry of the Judgment in the form attached hereto ("Judgment") and incorporated by reference herein, which, among other things:

(a)     permanently restrains and enjoins Curtis from violating Sections 10(b) and 13(d) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C §§ 78j(b) and 78m(d);

(b)     permanently restrains and enjoins Curtis from violating Sections 5 and 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C §§ 77e and 77q(a); and

1

(c)    permanently bars Curtis from participating in any offering of penny stock pursuant to Section 20(g) of the Securities Act [15 U.S.C. § 77t(g)] and Section 21(d)(6) of the Exchange Act [15 U.S.C. § 78u(d)(6)].

3.    Curtis agrees that the Court shall order disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). Curtis further agrees that the amounts of the disgorgement and civil penalty shall be determined by the Court at a hearing upon motion of the Commission, and that prejudgment interest shall be calculated from June 23, 2003, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). Curtis further agrees that in connection with the hearing on the Commission's motion for disgorgement and/or civil penalties: (a) he will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) he may not challenge the validity of this Consent or the Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

4.    Curtis acknowledges having been fully advised and informed of his right to a judicial determination in this matter.

2

5.      Curtis waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6.      Curtis waives the right, if any, to a jury trial, to seek relief from the Judgment under Rule 60(b) of the Federal Rules of Civil Procedure, and to appeal from the entry of the Judgment.

7.      Curtis enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce him to enter into this Consent.

8.      Curtis agrees that this Consent shall be incorporated into the Judgment with the same force and effect as if fully set forth therein.

9.      Curtis will not oppose the enforcement of the Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon. Curtis understands that the Court may adjudge him in civil or criminal contempt if he violates any provision of the Judgment entered pursuant to this Consent.

10.     Curtis waives service of the Judgment and agrees that entry of the Judgment by the Court and filing with the Clerk of the Court will constitute notice to Curtis of its terms and conditions. Curtis further agrees to provide counsel for the Commission, within thirty days after the Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Judgment.

11.     Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Curtis in this civil proceeding. Curtis acknowledges that no promise or

3

representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Curtis waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Curtis further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Curtis understands that he shall not be permitted to contest the factual allegations of the Complaint in this action.

12.    Curtis understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Curtis agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; and (ii) that upon the filing of this Consent, Curtis hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Complaint. If Curtis breaches this agreement, the Commission may petition the Court to vacate the Judgment and restore this action to its active docket. Nothing in this

4

paragraph affects Curtis': (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

13.     Curtis hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Curtis to defend against this action. For these purposes, Curtis agrees that he is not the prevailing party in this action since the parties have reached a good faith settlement.

14.     In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Curtis: (i) agrees to be deposed by Commission staff, upon reasonable notice, either telephonically or at a location in Vancouver, British Columbia; (ii) will accept service by mail or facsimile transmission of subpoenas issued by the Commission for production of documents or testimony at a deposition; (iii) appoints his undersigned attorney as agent to receive service of such subpoenas for production of documents or testimony at a deposition; (iv) with respect to such subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules; (v) consents to personal jurisdiction over himself in any United States District Court for purposes of enforcing any such subpoena; and (vi) consents to the production by any third party of any documents, records, or other information in the third party's possession, custody or control that the Commission seeks from the third party, by subpoena or otherwise. In connection with these Undertakings, Curtis is not waiving any applicable rights under the Fifth Amendment to the U.S. Constitution.

5

15.    Curtis agrees that the Commission may present the Judgment to the Court for

signature and entry without further notice.

16.    Curtis agrees that this Court shall retain jurisdiction over this matter for all

purposes, including implementing and enforcing the terms of the Judgment and all other orders

and decrees that have been and may be entered herein and granting such other relief as the Court

may deem necessary and just.

17.    Curtis represents that he has read and understands each provision of this Consent

and the attached Judgment before signing the Consent.

Dated: 12-08-08

Phillip James Curtis

AUG 12
On July   , 2008, Phillip James Curtis, a person known to me, personally appeared before
me and acknowledged executing the foregoing Consent.

Notary Public
Commission expires: for life

Approved as to form:

**FILIP de SAGHER**
NOTARY PUBLIC
2515 ALMA STREET
VANCOUVER, B.C. V6R 3R8
TEL: 604-221-4343
of Vancouver BC

Irving A. Einhorn, Esq.
1710 10th St.
Manhatten Beach, Ca. 90266
Attorney for Defendant

6