

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

SECURITIES AND EXCHANGE
COMMISSION,

                              Plaintiff,

                    v.                          C.A. No. 07-CV-11387 (DC)

BRIAN N. LINES, ET AL.,

                              Defendants.

---

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: 8/25/08

## JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AS TO DEFENDANT WILLIAM TODD PEEVER

The Securities and Exchange Commission ("Commission") having filed a Complaint and

Defendant William Todd Peever ("Peever"), having been served with the Complaint and a

Summons, entered a general appearance, consented to the Court's jurisdiction over him and the

subject matter of this action, consented to entry of this Judgment without admitting or denying

the allegations of the Complaint (except as to jurisdiction), waived findings of fact and

conclusions of law, and waived any right to appeal from this Judgment:

I.

IT IS ORDERED, ADJUDGED, AND DECREED that Peever and Peever's agents,

servants, employees, attorneys, and all persons in active concert or participation with them who

receive actual notice of this Judgment by personal service or otherwise, are permanently

restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities

Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

      (a)     to employ any device, scheme, or artifice to defraud;

      (b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

      (c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Peever and Peever's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise, are permanently restrained and enjoined from violating Section 5 of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77e], by directly or indirectly, in the absence of any applicable exemption:

      (a)     making use of the means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise, unless a registration statement is in effect as to a security;

(b)     carrying or causing to be carried through the mails or in interstate commerce, by

any means or instruments of transportation, such security for the purpose of sale

or for delivery after sale, unless a registration statement is in effect as to a

security; or

(c)     making use of the means or instruments of transportation or communication in

interstate commerce or of the mails to offer to sell or offer to buy through the use

or medium of any prospectus or otherwise such security, unless a registration

statement has been filed with the Commission as to such security, or while the

registration statement is the subject of a refusal order or stop order or (prior to the

effective date of the registration statement) any public proceeding or examination

under Section 8 of the Securities Act [15 U.S.C. § 77h].

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Peever and Peever's

agents, servants, employees, attorneys, and all persons in active concert or participation with

them who receive actual notice of this Judgment by personal service or otherwise, are

permanently restrained and enjoined from violating, directly or indirectly, Section 13(d) of the

Exchange Act [15 U.S.C. § 78m(d)] and Rules 13d-1 and 13d-2 promulgated thereunder [17

C.F.R. §§ 240.13d-1 and 240.13d-2], by, among other things, failing to file, filing in an untimely

manner, or filing inaccurate information, in statements with the Commission regarding

ownership of an issuer's securities that are registered pursuant to Section 12 of the Exchange Act

[15 U.S.C. § 78l].

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Peever and Peever's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Peever is permanently and unconditionally barred from participation in any offering of penny stock, including engaging in activities with a broker, dealer or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase of sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. § 240.3a51-1].

-4-

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Peever shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission. Prejudgment interest shall be calculated pursuant to 28 U.S.C. § 1961 from June 23, 2003. In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing on such a motion: (a) Peever will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Peever may not challenge the validity of this Judgment or the Consent; (c) solely for the purposes of such a motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from the appropriate non-parties.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, in connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Peever: (i) agrees to be deposed by Commission staff, upon reasonable notice, either telephonically or at a location in Vancouver,

-5-

British Columbia; (ii) will accept service by mail or facsimile transmission of subpoenas issued by the Commission for production of documents or testimony at a deposition; (iii) appoints Irving Einhorn, Esq., as agent to receive service of such subpoenas for production of documents or testimony at a deposition; (iv) with respect to such subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules; (v) consents to personal jurisdiction over himself in any United States District Court for purposes of enforcing any such subpoena; and (vi) consents to the production by any third party of any documents, records, or other information in the third party's possession, custody or control that the Commission seeks from the third party, by subpoena or otherwise. In connection with these Undertakings, Peever is not waiving any applicable rights under the Fifth Amendment to the U.S. Constitution.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Peever shall comply with all of the undertakings and agreements set forth therein.

## IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: August 25, 2008

UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

SECURITIES AND EXCHANGE
COMMISSION,

                          **Plaintiff,**

            v.

**BRIAN N. LINES, ET AL.,**

                          **Defendants.**

C.A. No. 07-CV-11387  (DC)

---

### CONSENT OF DEFENDANT WILLIAM TODD PEEVER TO JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF

1.      Defendant William Todd Peever ("Peever") acknowledges having been served with the Complaint and Summons in this action, enters a general appearance, and admits the Court's jurisdiction over him and over the subject matter of this action.

2.      Without admitting or denying the allegations of the complaint, except as to personal and subject matter jurisdiction, which Peever admits, Peever hereby consents to the entry of the Judgment in the form attached hereto ("Judgment") and incorporated by reference herein, which, among other things:

> (a)      permanently restrains and enjoins Peever from violating Sections 10(b) and 13(d) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C §§ 78j(b) and 78m(d);

> (b)      permanently restrains and enjoins Peever from violating Sections 5 and 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C §§ 77e and 77q(a); and

1

(c)    permanently bars Peever from participating in any offering of penny stock

pursuant to Section 20(g) of the Securities Act [15 U.S.C. § 77t(g)] and

Section 21(d)(6) of the Exchange Act [15 U.S.C. § 78u(d)(6)].

3.    Peever agrees that the Court shall order disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3).  Peever further agrees that the amounts of the disgorgement and civil penalty shall be determined by the Court at a hearing upon motion of the Commission, and that prejudgment interest shall be calculated from June 23, 2003, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).  Peever further agrees that in connection with the hearing on the Commission's motion for disgorgement and/or civil penalties: (a) he will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) he may not challenge the validity of this Consent or the Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

4.    Peever acknowledges having been fully advised and informed of his right to a judicial determination in this matter.

2

5.      Peever waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6.      Peever waives the right, if any, to a jury trial, to seek relief from the Judgment under Rule 60(b) of the Federal Rules of Civil Procedure, and to appeal from the entry of the Judgment.

7.      Peever enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce him to enter into this Consent.

8.      Peever agrees that this Consent shall be incorporated into the Judgment with the same force and effect as if fully set forth therein.

9.      Peever will not oppose the enforcement of the Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon. Peever understands that the Court may adjudge him in civil or criminal contempt if he violates any provision of the Judgment entered pursuant to this Consent.

10.     Peever waives service of the Judgment and agrees that entry of the Judgment by the Court and filing with the Clerk of the Court will constitute notice to Peever of its terms and conditions. Peever further agrees to provide counsel for the Commission, within thirty days after the Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Judgment.

11.     Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Peever in this civil proceeding. Peever acknowledges that no promise or

3

representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Peever waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Peever further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Peever understands that he shall not be permitted to contest the factual allegations of the Complaint in this action.

12.    Peever understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Peever agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; and (ii) that upon the filing of this Consent, Peever hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Complaint. If Peever breaches this agreement, the Commission may petition the Court to vacate the Judgment and restore this action to its active docket. Nothing in

4

this paragraph affects Peever's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

13.    Peever hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Peever to defend against this action. For these purposes, Peever agrees that Peever is not the prevailing party in this action since the parties have reached a good faith settlement.

14.    In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Peever: (i) agrees to be deposed by Commission staff, upon reasonable notice, either telephonically or at a location in Vancouver, British Columbia; (ii) will accept service by mail or facsimile transmission of subpoenas issued by the Commission for production of documents or testimony at a deposition; (iii) appoints his undersigned attorney as agent to receive service of such subpoenas for production of documents or testimony at a deposition; (iv) with respect to such subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules; (v) consents to personal jurisdiction over himself in any United States District Court for purposes of enforcing any such subpoena; and (vi) consents to the production by any third party of any documents, records, or other information in the third party's possession, custody or control that the Commission seeks from the third party, by subpoena or otherwise. In connection with these Undertakings, Peever is not waiving any applicable rights under the Fifth Amendment to the U.S. Constitution.

5

15.     Peever agrees that the Commission may present the Judgment to the Court for

signature and entry without further notice.

16.     Peever agrees that this Court shall retain jurisdiction over this matter for all

purposes, including implementing and enforcing the terms of the Judgment and all other orders

and decrees that have been and may be entered herein and granting such other relief as the Court

may deem necessary and just.

17.     Peever represents that he has read and understands each provision of this Consent

and the attached Judgment before signing the Consent.


Dated: _Aug 12 / 2008_                    _____
                                          William Todd Peever

        On ~~July~~ AUG 12, 2008, WILLIAM TODD PEEVER, a person known to me, personally
appeared before me and acknowledged executing the foregoing Consent.


                                          Notary Public
                                          Commission Expires: FOR LIFE


Approved as to form:

                                          **FILIP de SAGHER**
                                          NOTARY PUBLIC
                                          2515 ALMA STREET
                                          VANCOUVER, B.C. V6R 3R8
                                          TEL: 604-221-4343

_____               of Vancouver BC
Irving A. Einhorn, Esq.
1710 10th St.
Manhatten Beach, Ca. 90266
Attorney for Defendant


                                  6

**United States District Court**
**Southern District of New York**
Office of the Clerk
U.S. Courthouse
500 Pearl Street, New York, N.Y. 10007-1213

Date:

In Re:

-v-

Case #:                    (          )

Dear Litigant,

Enclosed is a copy of the judgment entered in your case.

Your attention is directed to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, which requires that if you wish to appeal the judgment in your case, you must file a notice of appeal within 30 days of the date of entry of the judgment (60 days if the United States or an officer or agency of the United States is a party).

If you wish to appeal the judgment but for any reason you are unable to file your notice of appeal within the required time, you may make a motion for an extension of time in accordance with the provision of Fed. R. App. P. 4(a)(5). That rule requires you to show "excusable neglect" or "good cause" for your failure to file your notice of appeal within the time allowed. Any such motion must first be served upon the other parties and then filed with the Pro Se Office no later than 60 days from the date of entry of the judgment (90 days if the United States or an officer or agency of the United States is a party).

The enclosed Forms 1, 2 and 3 cover some common situations, and you may choose to use one of them if appropriate to your circumstances.

The Filing fee for a notice of appeal is $5.00 and the appellate docketing fee is $450.00 payable to the "Clerk of the Court, USDC, SDNY" by certified check, money order or cash. **No personal checks are accepted.**

J. Michael McMahon, Clerk of Court

by: _____

, Deputy Clerk

APPEAL FORMS
Docket Support Unit

Revised: April 9, 2006

**United States District Court**
**Southern District of New York**
**Office of the Clerk**
**U.S. Courthouse**
**500 Pearl Street, New York, N.Y. 10007-1213**

```
---------------------------------------X
                                       |          NOTICE OF APPEAL
                                       |
              -V-                      |
                                       |          civ.          (    )
                                       |
---------------------------------------X
```

Notice is hereby given that _____
(party)
hereby appeals to the United States Court of Appeals for the Second Circuit from the Judgment [describe it]




entered in this action on the _____ day of _____ , _____ .
(day)                    (month)            (year)


_____
(Signature)

_____
(Address)

_____
(City, State and Zip Code)

Date: _____      (    )_____-_____
(Telephone Number)

**Note:** You may use this form to take an appeal provided that it is <u>received</u> by the office of the Clerk of the District Court within 30 days of the date on which the judgment was entered (60 days if the United States or an officer or agency of the United States is a party).

FORM 1

## United States District Court
### Southern District of New York
#### Office of the Clerk
#### U.S. Courthouse
#### 500 Pearl Street, New York, N.Y. 10007-1213

```
-------------------------------------------X
                                           |
                                           |      MOTION FOR EXTENSION OF TIME
                                           |        TO FILE A NOTICE OF APPEAL
                                           |
         -V-                               |
                                           |       civ.           (   )
                                           |
                                           |
-------------------------------------------X
```

      Pursuant to Fed. R. App. P. 4(a)(5), _____ respectfully

                                (party)

requests leave to file the within notice of appeal out of time. _____

                                                               (party)

desires to appeal the judgment in this action entered on _____ but failed to file a

                                                  (day)

notice of appeal within the required number of days because:

[Explain here the "excusable neglect" or "good cause" which led to your failure to file a notice of appeal within the required number of days.]

 

 

 

 

                                      _____

                                             (Signature)

                                      _____

                                           (Address)

                                      _____

                                    (City, State and Zip Code)

Date: _____         (   )_____-_____

                                         (Telephone Number)

**Note:** You may use this form, together with a copy of Form 1, if you are seeking to appeal a judgment and did not file a copy of Form 1 within the required time. If you follow this procedure, these forms must be received in the office of the Clerk of the District Court no later than 60 days of the date which the judgment was entered (90 days if the United States or an officer or agency of the United States is a party).

FORM 2

# United States District Court
## Southern District of New York
### Office of the Clerk
### U.S. Courthouse
### 500 Pearl Street, New York, N.Y. 10007-1213

————————————————————X
            |
            |          **NOTICE OF APPEAL**
            |              **AND**
     **-V-**        |  **MOTION FOR EXTENSION OF TIME**
            |
            |           civ.        (   )
            |
————————————————————X

1.    Notice is hereby given that _____ hereby appeals to
                                      (party)

the United States Court of Appeals for the Second Circuit from the judgment entered on _____.
                         [Give a description of the judgment]

2.    In the event that this form was not received in the Clerk's office within the required time

_____ respectfully requests the court to grant an extension of time in
              (party)

accordance with Fed. R. App. P. 4(a)(5).

    a.    In support of this request, _____ states that
                                     (party)

this Court's judgment was received on _____ and that this form was mailed to the
                          (date)

court on _____ .
        (date)

                              _____
                                  (Signature)

                              _____
                                  (Address)

                              _____
                           (City, State and Zip Code)

Date: _____         (   ) _____-_____
                                 (Telephone Number)

**Note:** You may use this form if you are mailing your notice of appeal and are not sure the Clerk of the
District Court will <u>receive</u> it within the 30 days of the date on which the judgment was entered (60 days if
the United States or an officer or agency of the United States is a party).

APPEAL FORMS

Docket Support Unit

Revised: April 9, 2006

**FORM 3**

# United States District Court
## Southern District of New York
### Office of the Clerk
### U.S. Courthouse
### 500 Pearl Street, New York, N.Y. 10007-1213

-------------------------------------------X
                                            |
                                            |        **AFFIRMATION OF SERVICE**
                                            |
            -V-                             |
                                            |        civ.          (    )
                                            |
                                            |
-------------------------------------------X

I, _____, declare under penalty of perjury that I have

served a copy of the attached _____

_____

upon _____

_____

whose address is: _____

_____


Date: _____
        New York, New York


                                    _____
                                            (Signature)

                                    _____
                                            (Address)

                                    _____
                                        (City, State and Zip Code)