```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
SECURITIES AND EXCHANGE COMMISSION,     :
                                        :
                    Plaintiff,          :    07 Civ. 11387 (DLC)
                                        :
        -v-                             :      MEMORANDUM
                                        :    OPINION & ORDER
BRIAN N. LINES, SCOTT G.S. LINES, LOM   :
(HOLDINGS) LTD., LINES OVERSEAS         :
MANAGEMENT LTD., LOM CAPITAL LTD., LOM  :
SECURITIES (BERMUDA) LTD., LOM          :
SECURITIES (CAYMAN) LTD., LOM           :
SECURITIES (BAHAMAS) LTD., ANTHONY W.   :
WILE, WAYNE E. WILE, ROBERT J. CHAPMAN, :
WILLIAM TODD PEEVER, PHILLIP JAMES      :
CURTIS, and RYAN G. LEEDS,              :
                                        :
                    Defendants.         :
----------------------------------------X
```

Appearances:

For Plaintiff:
David Williams
Securities and Exchange Commission
Division of Enforcement
100 F Street, N.E.
Washington, DC 20549

For Defendant Brian N. Lines:
Philip M. Smith
Kate S. Woodall
Patton Boggs LLP(NY)
1185 Avenue of the Americas
30th Floor
New York, NY 10036

For Defendant Scott G.S. Lines
Stephen J. Crimmins
Mayer Brown LLP
1909 K Street NW
Washington, DC 20006

For Defendants LOM (Holdings) Ltd., Lines Overseas Management

Ltd., LOM Capital Ltd., LOM Securities (Bermuda) Ltd., LOM
Securities (Cayman ) Ltd., and LOM Securities (Bahamas) Ltd.:
Reid M. Figel
Derek T. Ho
Kellogg, Huber, Hansen, Todd, Evans & Figel, PLLC
1615 M Street NW
Washington, DC 20036


DENISE COTE, District Judge:

Plaintiff Securities and Exchange Commission ("SEC") seeks
an order directing alternative service on defendants living
abroad, Anthony Wile, Wayne Wile, and Robert J. Chapman
("Chapman") (collectively, the "Unserved Defendants").
Defendants Brian N. Lines, Scott G.S. Lines, LOM (Holdings)
Ltd., Lines Overseas Management Ltd., LOM Capital Ltd., LOM
Securities (Bermuda) Ltd., LOM Securities (Cayman ) Ltd., and
LOM Securities (Bahamas) Ltd. (collectively, the "Litigating
Defendants") oppose the SEC's application for alternative
service, and cross-move for dismissal or severance of the
Unserved Defendants.  For the following reasons, the SEC's
motion is granted, and the Litigating Defendants' cross-motion
is denied.


Background

On July 3, 2008, the SEC filed its first application for an
order directing alternative means of service on defendants
living in foreign countries.  By an Order dated July 21, 2008
("July Order"), familiarity with which is assumed, this Court

denied that application because the SEC had not shown why
service through each country's Central Authority should not be
required; and the SEC also had not shown that service by email,
which the SEC proposed, is a method permitted by the Hague
Service Convention in Switzerland, which has specifically
objected to service by mail.

On June 25, 2009, the SEC filed its second application for
an order directing alternative means of service pursuant to Fed.
R. Civ. P. 4(f)(3) for the three Unserved Defendants.  The SEC
alleges that Wayne Wile is a Canadian citizen who resides in the
Cayman Islands.  In February 2007, he provided a Cayman Islands
driver's license to border agents, and the license listed a
Cayman Islands address; and in 2008, the SEC received several
regulatory notices indicating that Wayne Wile was residing in
the Cayman Islands.  The SEC alleges Anthony Wile is a Canadian
citizen who may have resided in Switzerland, but who now appears
to reside in Canada.  In the summer of 2008, Anthony Wile
indicated in a book he wrote that he was living in Vancouver; in
August 2008, the British Columbia Securities Commission informed
the SEC of his address in West Vancouver; and in April 2009, a
private process server retained by the SEC went to this address
and spoke to a landscaper who confirmed that Anthony Wile lived
there.  Finally, the SEC alleges that Chapman is a U.S. citizen
who resides in Mexico.  In 2004, Chapman opened a Canadian

brokerage account using an address in Mexico, supported by a Mexican driver's license.  The SEC asserts that computer searches and other official inquiries "were unable to provide a more current address for Robert Chapman in Mexico."

The SEC's efforts to effect service through Central Authorities have failed.  On October 27, 2008, the SEC asked the Cayman Islands Central Authority to serve Wayne Wile at the address listed on a driver's license he presented to border agents in February 2007.  Efforts to serve him at this address failed, and the SEC received a final formal certificate of non-service on June 29.  It is unclear when the SEC began efforts to serve the remaining Unserved Defendants, but those efforts have failed, too.  Canadian officials and a private process server were not able to serve Anthony Wile at his last known address in West Vancouver because walls and fences surrounded his house and nobody answered the intercom or calls to his house; the SEC received a final formal certificate of non-service on January 16, 2009.  Mexican authorities were unable to locate Chapman at his last known address in the Province of Jalisco, Mexico; the SEC received a final formal certificate of non-service on April 17, 2009.  The SEC now requests permission to serve the Unserved Defendants at their last known addresses by certified mail, without requiring a signature.

The SEC also requests permission to serve the Unserved

Defendants by email.  The SEC alleges that all of the Unserved

Defendants use their email accounts to communicate with others.

It further asserts that Anthony Wile has used his email address

as recently as last year; and that Chapman's email address is

associated with a commercial website that was updated as

recently as July 8, 2009.

The SEC filed its second application for alternative

service on June 25, 2009.  On July 6, the Litigating Defendants

opposed that motion and cross-moved for the severance of or

dismissal of the Unserved Defendants.  These motions became

fully submitted on July 23.

Discussion

A court is "afforded wide discretion in ordering service of

process under Rule 4(f)(3)."  SEC v. Anticevic, No. 05 Civ. 6991

(KMW), 2009 WL 361739, *3 (S.D.N.Y. Feb. 13, 2009).  To obtain

permission for alternative service pursuant to Fed. R. Civ. P.

4(f)(3), a plaintiff must demonstrate why service through the

foreign country's Central Authority under the Hague Service

Convention's procedures should not be required.  If alternative

service pursuant to Fed. R. Civ. P. 4(f)(3) is requested, the

plaintiff must also show that the method is not prohibited by

the Hague Service Convention or by any other applicable

international agreement.  See RSM Prod. Corp. v. Fridman, No. 06

Civ. 11512 (DLC), 2007 WL 2295907, at *3-4 (S.D.N.Y. Aug. 10, 2007); RSM Prod. Corp. v. Fridman, No. 06 Civ. 11512 (DLC), 2007 WL 1515068, at *1 (S.D.N.Y. May 24, 2007).  An order for alternative service must comply with due process requirements, which call for notice that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action."  Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).

Having made unsuccessful efforts to serve each of the Unserved Defendants through the appropriate Central Authority, the SEC has shown that service in this manner should not be required.  While the SEC fails to show that service of Anthony Wile by email in Switzerland is permitted by the Hague Service Convention, since its most current information is that Anthony Wile resides in Canada, the Swiss rejection of service by mail is not a barrier.  Furthermore, the SEC has shown that, given the circumstances, service by both certified mail and email is notice reasonably calculated to apprise the Unserved Defendants of this action.

The Litigating Defendants argue that allowing alternative service would violate the Unserved Defendants' due process rights.  Alternatively, the Litigating Defendants argue that the Unserved Defendants should be dismissed because the SEC has not diligently prosecuted the case against them.  Both of these

arguments fail because the Litigating Defendants do not explain

why they have standing to raise claims on the Unserved

Defendants' behalf.[1]  See Farrell v. Burke, 449 F.3d 470, 494 (2d

Cir. 2006) ("Federal courts as a general rule allow litigants to

assert only their own legal rights and interests, and not the

legal rights and interests of third parties.").

Conclusion

        The SEC's June 25, 2009 request for alternative service is

granted.  The Litigating Defendants' July 6, 2009 cross-motion

for dismissal or severance of the Unserved Defendants is denied.

        SO ORDERED:

Dated:      New York, New York
            August 7, 2009

                                            DENISE COTE
                                    United States District Judge

---

[1] To the extent that the Litigating Defendants argue that
allowing alternative service of the Unserved Defendants would
prejudice the Litigating Defendants by delaying the resolution
of the case and by making the scheduling and taking of
depositions more complicated and costly, those arguments are not
properly raised in these cross-motions.

                                7