

Rechtsanwalte • Attorneys at Law

Dr. Martin Streichenberg
Dr. Teddy S. Stojan
Dr. Georg R. Lehner, LL.M.
Alexander Rabian
Dr. Christoph Wildhaber
Rolf Herter, M.C.J.
Dr. Christoph Willi, LL.M.
Jurg M. Ammann, LL.M.
Remo Busslinger

Eingetragen im Anwaltsregister
des Kantons Zürich

**AFFIDAVIT**

To whom it may concern

Zurich, September 2, 2009
LE/kwa/eb0817640

**Affidavit**

I, Dr. Georg R. Lehner, LL.M., am a Swiss Attorney and Member of the Zurich Bar since 1978. I practice as Partner in the law firm Streichenberg Attorneys in Zurich/Switzerland.

I am acting as Attorney on behalf of

**Mr. Wayne Eldridge Wew,**

Via Ronco 57, 6613 Porto-Ronco, Switzerland

for matters that concern Swiss legal issues or that have arisen since he is a resident of Switzerland.

Mr. Wayne Eldridge Wile had his name changed to Wayne Eldridge Wew in Canada on January 12, 2005, as shown on exhibit 1, attached hereto.

      **Exhibit:**    Certificate of Change of Name Nova Socita no. 10672
                     of January 12, 2005

                                                                         **Exhibit 1**

# EXHIBIT A

I understand that Mr. Wayne Wew is a Defendant in the action filed by the SEC against Brian N. Lines and others in the United States District Court, Southern District of New York, on December 19, 2007 (case no. 07 CV 11387).

I am also in procession of the order of said District Court of August 7, 2009, allowing alternative service to the unserved Defendants, among others Mr. Wayne Wew, including service by regular mail and E-mail.

Based on my person knowledge of facts and Swiss law I can herewith confirm the following:

1. Mr. Wayne Wew is a resident with residence permit in Switzerland since June 19, 2007, first in the Canton of Appenzell-Ausserrhoden and since 2009 in the Canton of Ticino.

    **Exhibit:** Residence permit of den Canton of Appenzell-Ausserrhoden of June 19, 2007

    **Exhibit 2**

    **Exhibit:** Residence permit of the Canton of Ticino of June 26, 2009

    **Exhibit 3**

2. The Hague Convention concerning service of process abroad in civil and commercial matters allows under certain circumstances direct service by mail according to sections 8 and 10. According to section 21, subsection 2 lit. a, Switzerland has declared that it does not permit any of the service procedures foreseen in sections 8 and 10 of the Hague Convention.

    The Hague Convention has been entered into on November 15, 1965, at a time E-Mail did not exist. It has therefore to be interpreted, what the reservation of Switzerland means in light of more recent technical developments.

    The rationale of the Swiss reservation was and is that Switzerland regards service of process of Court documents on somebody in Switzerland as an exclusive competence of Swiss authorities according to the internal Swiss

laws and any direct attempt of service from abroad as violation of its sovereignty and therefore as illegal and ineffective with the result that any judgment that may have been rendered abroad against a person or entity in Switzerland through violation of the Swiss sovereignty by illegal service will not receive an exequatur and cannot be enforced in Switzerland. In fact the Swiss Government has intervened many times in the past with foreign governments, mainly in the Anglo Saxon countries, who had allowed the violation of Swiss sovereignty through illegal service of process to a party in Switzerland.

Switzerland has entered into several contracts with neighbouring civil law jurisdictions allowing service of process to a Swiss party from the foreign court, where the matter is pending to the local court, where the Swiss party is resident for the Swiss Court to make the service on the Swiss party. There being no such contract with the United States, service of process is only possible by submitting the papers, which should be served on a party in Switzerland in a civil matter to the Swiss Ministry of Justice, who will than undertake the necessary steps with the local court at the place of residence of the Swiss party in order for the local court to make the correct service. The same procedure has to be followed if evidence is requested from a party in Switzerland, i.e. the questions to be asked or the documents requested must be sent to the Swiss Department of Justice together with a translation into the language of the local court in Switzerland, where the Swiss party resides. Depositions may not be taken by parties or their attorneys and the evidence procedure must be under the control of the local Swiss Judge, who is the only party allowed to put forward the questions to Swiss Defendants.

3. Our firm had contacted the Swiss Department of Justice by telephone on August 27, 2009. A competent officer of the Department of Legal Assistance has confirmed the above interpretation of Swiss law and the Hague Convention in as far it applies to Switzerland and specifically stated, that service of process concerning a civil procedure in front of a US Court can only be validly effected by submission of the papers to the Swiss Ministry of Justice and that every other attempt of service would be null and void concerning a party in Switzerland. The officer has stated to us that the papers, with which service has been attempted in violation of the Swiss reservation to the Hague Convention could be submitted to the Swiss Federal

Department of Justice, who would confirm upon request that such service is null and void.

4. With filing of August 31, 2009, I have submitted a request to the Swiss Ministry of Justice in order to have the E-mail-service on Wayne Wew of August 13, 2009, declared null and void.

> **Exhibit:** Copy of the filing with the Swiss Department of Justice of August 31, 2009 (without annexes)
> **Exhibit 4**

5. Today our office has contacted back the Swiss Ministry of Justice and has asked, when we could expect an answer to our filing of August 31, 2009.

Upon a first review of the complaint the officer at the Federal Justice Department had doubts that this was a civil procedure, which would fall under the Hague Convention because the SEC files the suit for violation of US Securities Laws, asked for pay-back of any gains from the incriminated transactions and makes requests for fines to be awarded against the Defendants. The Swiss Federal Justice Department will take-up contact with the Swiss Foreign Department, on how this case should be qualified and get back to us in due course.

Should the case be qualified as criminal in nature, the Swiss Agreement with the United States concerning Assistance in Criminal Matters would apply with the effect that the District Court in New York would have to ask the US Foreign Ministry to ask the Swiss Government for legal assistance in this matter and forwarding of documents would have to be made according to the Treaty for Legal Assistance in criminal matters of May 25, 1973.

Also in case the matter would be qualified as criminal, direct service of process by mail or E-mail is considered illegal and void by Swiss authorities and violates Swiss sovereignty.

Independent whether the matter is qualified as civil case falling under the Hague Convention or as criminal case falling under the 1973 Treaty of Legal Assistance in Criminal Matters between Switzerland and the US, there is no doubt that the attempted service on Mr. Wew with mail of August 13, 2009, is null and void and a violation of Swiss sovereignty and that any judgement attained without having gone through the correct service as per the applicable Treaties for any papers in connection with the litigation in the US will never lead to a judgement recognized and/or enforceable in Switzerland.

Made and signed on September 2, 2099, in Zurich/Switzerland

Dr. Georg R. Lehner
Attorney at law


**exhibits according separate list**