**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

BRIAN N. LINES, et al.,

Defendants.

No. 07-CV-11387 ( DC )

**DECLARATION OF VINYARD COOKE IN SUPPORT OF PLAINTIFF'S CONSOLIDATED OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

I, Vinyard V. Cooke, do hereby declare under penalty of perjury, in accordance with 28 U.S.C. §1746, that the following is true and correct, and further that this declaration is made on my personal knowledge, and that I am competent to testify as to the matters stated herein:

1. I am an attorney for the Plaintiff Securities and Exchange Commission ("Commission"), and I submit this declaration in support of Plaintiff Securities and Exchange Commission's *Consolidated Opposition to Defendants' Motion to Dismiss.*

2. On March 18 and 19, 2008, the Commission requested that the Department of Homeland Security institute border watches for Anthony Wile and Wayne Wile, respectively.

3. During May 2008, the Commission contacted counsel that separately had represented Anthony Wile and Wayne Wile during the investigative stage of the case. Both counsel represented to the Commission that they did not represent their previous client in the litigation phase of the case and were not authorized to accept service of process in this matter on their behalf.

4.     For example, on May 23, 2008, investigative stage counsel for Anthony Wile informed the Commission that he declined to accept service on Mr. Wile's behalf and was not able to provide information on Mr. Wile's then current location based on assertion of privilege.

5.     Separately, on the same date, investigative stage counsel for Wayne Wile also declined to accept service on Mr. Wile's behalf and, on June 13, 2008, declined to provide the Commission with any information regarding Wayne Wile's then current location or his counsel.

6.     In spite of those representations, the same counsel have entered appearances before this Court to represent Anthony Wile and Wayne Wile, respectively, in seeking dismissal of their clients from this case.

7.     In June 2008, the Commission sent letters directly to the last known addresses of Anthony Wile and Wayne Wile, among others, informing them of the pendency of the lawsuit and requesting that they contact the Commission with information that would allow for proper service of the complaint to be completed. However, neither Anthony Wile nor Wayne Wile, directly or through their respective counsel, provided any information to the Commission about their whereabouts or otherwise responded to the letters.

8.     Following the Court's July 21, 2008 order in this case, the Commission determined through computer searches and a number of other inquiries that Anthony Wile was residing in Vancouver, British Columbia. Using that address and the address from Wayne Wile's Cayman Islands driver's license, the Commission prepared Hague Convention-compliant service packages for Canada and the Cayman Islands, and following review and approval of those packages by the Commission's Office of International Affairs, those packages were sent to the appropriate Hague Convention recipient in those respective countries in mid-October 2008.

9.      However, Hague Convention service of the complaint in these two countries was
not successful, with the Commission receiving notice of non-service for Anthony Wile on
February 9, 2009 and for Wayne Wile from the Cayman Islands in late June or early July 2009.

10.     Following the failed Hague Convention service on Anthony Wile in Canada, the
Commission made a second attempt at personal service using a private investigator based in
Vancouver. In reporting back on her efforts, the investigator stated in an email dated April 20,
2009, that:

> We have attempted service on Anthony Wile, however we have not been
> able to serve him yet. I have spoken with the landscaper that was working
> on the property and was informed by him that Mr. Wile was the occupant
> of the residence and the one who hired him for the landscaping service.
> Approximately one week ago we have observed a male individual leaving
> the residence, but it wasn't Mr. Wile since he did not fit his description.
> Of course we just had Easter holidays and there is a possibility that they
> might have gone away. I will continue to monitor the residence as I have
> been unable to locate Mr. Wile at any other location.

In May 2009, the investigator provided a second update:

> We have made random attempts and monitored the residence since my last
> correspondence with you, however we have observed no signs of any
> activity. Attempts were made in the early morning and evening hours, as
> well as daytime visits. A gate protecting the property from direct entrance
> has been shut and locked at all visits. In the evening hours we have noted
> no visible lights inside the residence indicating occupancy. Further there
> have been no vehicles visible parked on the property. It appears as if the
> residence is currently unoccupied but not entirely vacated.

11.     The Commission was not aware that Wayne Wile was a resident of Switzerland
until it received Mr. Wile's motion to dismiss and attachments in September 2009.

12.     In addition, none of the other defendants in the case have provided current contact
information for Anthony Wile or Wayne Wile in spite of outstanding document requests
and interrogatories that requested that information or from which that information could
have been derived.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 16th day of September 2009.

Vinyard V. Cooke
Staff Attorney
Attorney for Plaintiff
Securities and Exchange Commission