```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
SECURITIES AND EXCHANGE COMMISSION,       :
                                         :
                    Plaintiff,           :   07 Civ. 11387 (DLC)
                                         :
        -v-                              :       MEMORANDUM
                                         :     OPINION & ORDER
BRIAN N. LINES, SCOTT G.S. LINES, LOM     :
(HOLDINGS) LTD., LINES OVERSEAS           :
MANAGEMENT LTD., LOM CAPITAL LTD., LOM    :
SECURITIES (BERMUDA) LTD., LOM            :
SECURITIES (CAYMAN) LTD., LOM             :
SECURITIES (BAHAMASA) LTD., ANTHONY W.    :
WILE, WAYNE E. WILE, ROBERT J. CHAPMAN,   :
WILLIAM TODD PEEVER, PHILLIP JAMES        :
CURTIS, and RYAN G. LEEDS,                :
                                         :
                    Defendants.          :
-----------------------------------------X
```

Appearances:

For Plaintiff:
David Williams
Justin Chretien
Securities and Exchange Commission
100 F Street, N.E.
Washington, DC 20549

For Defendant Anthony Wile:
Leonard Bloom
Akerman Senterfitt LLP
One S.E. Third Ave., 25th Floor
Miami, FL 33131

William Nortman
Akerman Senterfitt LLP
Las Olas Centre II
350 E. Las Olas Blvd., Suite 1600
Fort Lauderdale, FL 33301

Scott Kessler
Jeremy Shure
335 Madison Avenue, 26th Floor
New York, NY 10017

DENISE COTE, District Judge:

Anthony Wile ("Wile") has moved to dismiss with prejudice the claims against him in this securities fraud action, principally on the ground that the Securities and Exchange Commission ("SEC") failed to prosecute the case against him diligently.  Wile's motion is denied.

Background

The underlying conduct at issue in this lawsuit concerns events that occurred in mid-2002 through mid-2003.  According to Wile, the SEC advised him in April 2005 that it was contemplating filing an action against him.  Wile's counsel submitted two Wells Submissions, one in June 2005 and another in March 2007.  On December 17, 2007, the SEC filed this action against Wile and others.

The SEC had difficulty serving Wile.  Failing in its attempt to serve Wile at his last known address in the United States, and not knowing his current address, the SEC contacted Wile's counsel.  That counsel, who represented Wile in the Wells process and represents him now, indicated that he was not authorized to accept service and refused to provide information on Wile's current location based on a dubious "assertion of

2

privilege."[1]  The SEC's first request to use alternative service to effect service on Wile was made on July 3, 2008, and was denied for failure to attempt service through the Hague Service Convention.  After pursuing Hague Service procedures unsuccessfully, the SEC again requested permission on June 25, 2009 to use alternative service procedures.  This second request was granted on August 7, S.E.C. v. Lines, No. 07 Civ. 11387 (DLC), 2009 WL 2431976 (S.D.N.Y. Aug. 7, 2009), and Wile was served on August 13, 2009.  Pursuant to a schedule set in 2008, discovery is due to close on December 18, 2009.

The SEC has presented evidence that Wile has known since at least June 2008 of the SEC's efforts and desire to serve him, and Wile does not deny such knowledge.  He asserts, however, that the SEC should have been more diligent, and that he has been prejudiced by having so little time to prepare his defense before the discovery cut-off.

Anthony Wile moved to dismiss this case on September 2, 2009.  His motion became fully submitted on September 25, 2009.

---

[1] See, e.g., Integrity Ins. Co. v. American Centennial Ins. Co., 885 F.Supp. 69, 73-74 (S.D.N.Y. 1995) (holding that client's address was not privileged information because the party claiming privilege had not made an adequate showing that the information was communicated to the attorney for the purpose of obtaining legal advice with regard to the client's location).

3

Discussion

    Wile moves to dismiss the claims against him with prejudice on the grounds that the SEC failed to prosecute its claims against him and failed to make sufficient service, as mandated by Rule 41(b), Fed. R. Civ. P.  He also moves to dismiss the demand for an injunction for a failure to demonstrate the reasonable likelihood of a recurrence of a violation.

    Rule 41(b) authorizes dismissal of a complaint for failure to prosecute a case.  The five factors to be analyzed in adjudicating such a motion are whether the failure to prosecute caused a significant delay, whether the plaintiff was given notice that further delay would result in dismissal, whether the defendant is likely to be prejudiced by the delay, whether any need to alleviate court calendar congestion outweighs the plaintiff's right to its day in court, and whether lesser sanctions are appropriate.  <u>Lewis v. Rawson</u>, 564 F.3d 569, 575-82 (2d Cir. 2009); <u>United States ex. Rel. Drake v. Norden Sys., Inc.</u>, 375 F.3d 248, 254-58 (2d Cir. 2004); Shannon v. General Electric Co., 186 F.3d 186, 194-96 (2d Cir. 1999); <u>United States Securities and Exchange Commission v. Shehyn</u>, 04 Civ. 2003 (LAP), 2008 WL 6150322 (S.D.N.Y. Nov. 26, 2008).  In analyzing the factors, the court reviews the record as a whole, conscious of the fact that dismissal is a harsh remedy to be used "only in extreme situations."  <u>Drake</u>, 375 F.3d at 254.  A dismissal with

4

prejudice ordinarily occurs as a sanction for "dilatory tactics during the course of litigation or for failure to follow a court order." Lewis, 564 F.3d at 576.

Wile has not shown that dismissal is appropriate.  The SEC was reasonably diligent in attempting to locate Wile and seeking to serve him.  While Wile was under no obligation to assist the SEC, it is undisputed that he was aware of the SEC investigation and then its lawsuit, and chose not to cooperate with the SEC in its efforts to locate and serve him.  As was true in Shehyn, the delay in serving Wile was due in large part to circumstances "outside of Plaintiff's control," including the fact that Wile left this country and took up a new residence abroad.  Shehyn, 2008 WL 6150322, at *5.  Moreover, The SEC was never warned that further delay in effecting service would lead to dismissal.

Wile seeks to establish prejudice from the delay in serving him by referring generally to the voluminous document production in this case and to the approach of the discovery cut-off, and by requesting a presumption of prejudice from the length of the delay in service.  In this case, given the diligence of the SEC, a presumption of prejudice would be inappropriate.[2]  See Drake, 375 F.3d at 256 (presumption of prejudice requires lengthy and "inexcusable" delay).  Wile has not attempted to make any

---

[2] Even if prejudice could be "presumed", the SEC has rebutted that presumption with its detailed submissions and Wile's failure to make a particularized showing of prejudice.

5

particularized showing of prejudice from the fact that he was not served until August 2009.  For example, he mentions that three depositions of foreign witnesses were conducted in Canada recently without his participation, but does not identify any question that he wished to place that was not asked by other counsel or explain the relevance of those witnesses to his defense.  Moreover, he has not described his defense and explained how he will be unable to gather the evidence necessary to present that defense effectively in the time remaining for discovery.  In contrast, the SEC has shown that in making his Wells Submissions Wile relied entirely on his own good faith participation in the conduct underlying these claims.  Finally, it is telling that it was entirely within Wile's control to enter this litigation more than a year earlier.  He and his attorney had actual notice of this litigation in the first half of 2008, but Wile chose to gamble that the SEC would be unable to find him and serve him.  While Wile was entitled to make that choice, it ill behooves him to complain of the delay in service in such circumstances.

 Turning to the final two factors, neither of them supports a dismissal.  There is no docket congestion.  While Wile suggests that his and related motions would not have been filed if he had been more timely served, the existence of motions in complex cases and even relatively simple cases is commonplace,

6

and this Court's docket has not become congested from the filing of this case or the filing of motions in this case. More to the point, this case will remain on the docket whether or not Wile is dismissed from the case. Given the foregoing discussion, there is no need to consider whether sanctions short of dismissal should be imposed. Looking at the record as a whole, this is not a case in which the SEC "deliberately proceeded in dilatory fashion." Drake, 375 F.3d at 258 (citation omitted). Indeed, a dismissal with prejudice would, in this Court's view, constitute an abuse of its discretion. Id.

Wile's final motion requests dismissal of the prayer for injunctive relief. The Complaint adequately pleads that Wile violated the securities laws, and he does not contend otherwise. His motion to strike a specific request for relief is premature and is denied.

Conclusion

Defendant Anthony Wile's September 2, 2009 motion to dismiss this case or to strike a specific request for relief is denied.

SO ORDERED:

Dated:   New York, New York
         September 30, 2009

_____
DENISE COTE
United States District Judge

7