UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

SECURITIES AND EXCHANGE COMMISSION,

                          Plaintiff,          07-CV-11387 (Judge Cote)

                v.

BRIAN N. LINES, *et al.*,

                          Defendants.
_____

### DEFENDANT BRIAN LINES' OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant Brian N. Lines, by his attorneys, and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the applicable local rules, hereby responds as follows to the Plaintiff Securities and Exchange Commission's First Set of Interrogatories:

### GENERAL OBJECTIONS

With few exceptions, the SEC's interrogatories to Brian Lines overlap and restate certain of the SEC's interrogatories to the LOM Defendants. Brian Lines adopts, incorporates by reference and restates the LOM Defendants' General Objections to the SEC's interrogatories to LOM with respect to the interrogatories below.

### SPECIFIC OBJECTIONS AND RESPONSES

**INTERROGATORY NO. 1:**

Identify all cellular, home and work telephone numbers, and all personal and business email addresses you have used since January 1, 2001.

**OBJECTIONS AND RESPONSE:**

This interrogatory substantially repeats Interrogatory No. 6 to the LOM Defendants. Brian Lines adopts, incorporates by reference and restates the LOM Defendants' objections and response to that interrogatory. However, for what paragraph 31 of the complaint states is the "relevant period" in this case, "mid-2002 through mid-2003," Brian Lines states that his cellular and home telephone numbers were as follows: (441) 799-5453 (cellular); (441) 292-4311 (home). He did not have a personal email account at that time.

**INTERROGATORY NO. 2:**

Identify each individual who you spoke with on the phone recordings previously produced, or to be produced, to the SEC and provide their respective contact information, the dates and times of the calls, and their relationship with you or LOM.

**OBJECTIONS AND RESPONSE:**

This interrogatory substantially repeats Interrogatory No. 7 to the LOM Defendants. Brian Lines adopts, incorporates by reference and restates the LOM Defendants' objections and response to that interrogatory.

**INTERROGATORY NO. 3:**

Identify all persons you contacted concerning becoming a market-maker in Sedona, IHI or SHEP, any instructions given, any agreements reached, and their contact information.

**OBJECTIONS AND RESPONSE:**

Brian Lines asked Ryan Leeds whether his firm, VFinance, would be a market maker in Sedona shares and he agreed. There were no other agreements or instructions with respect to VFinance becoming a market maker in Sedona shares. Brian Lines had no contact with any person concerning becoming a market maker in IHI or SHEP.

**INTERROGATORY NO. 4:**

Identify all LOM customers or potential customers that you contacted regarding the purchase or sale of any shares in Sedona, IHI, SHEP, and/or Renaissance, including, but not limited to: the name of the customer or potential customer; contact information for same; the date and time of the contact; the substance of the contact; whether any customers agreed to buy or sell shares; and whether the customer actually purchased or sold shares.

**OBJECTIONS AND RESPONSE:**

This interrogatory substantially repeats Interrogatory No. 5 to the LOM Defendants. Brian Lines adopts, incorporates by reference and restates the LOM Defendants' objections and response to that interrogatory.

**INTERROGATORY NO. 5:**

Describe all of your or LOM's due diligence efforts concerning IHI, SHEP, Renaissance and/or Sedona.

**OBJECTIONS AND RESPONSE:**

Brian Lines objects to Interrogatory No. 5 on the ground that the term "due diligence" suggests that Brian Lines and/or LOM was an underwriter of IHI, SHEP, Renaissance and/or Sedona shares, or that some "diligence" was "due" with respect to such shares. Brian Lines further objects on the ground that Interrogatory No. 5 violates S.D.N.Y. Local Civil Rule 33.3(b) because the information sought is more practically obtainable through document requests and/or depositions.

Subject to the foregoing objections and the other general objections incorporated by reference hereto, Brian Lines states that with respect to Sedona, it was a shell company and the investigation made prior to the purchase of the non-control shares by LOM customers was limited to ascertaining whether Sedona was current with its regulatory filings and was being managed by a reputable and experienced executive.

3

With respect to Renaissance, LOM was to be engaged as an agent for a private placement of Renaissance shares and was in the middle of the due diligence process when it was determined not to pursue the private placement. While the due diligence had not been completed, LOM representatives were well aware of the mining assets that Renaissance had agreed to purchase because they were previously owned by a mining company known as Greenstone. LOM representatives also met with the Renaissance executives who made a detailed presentation at LOM and LOM collected publicly available information.

With respect to IHI and SHEP (collectively, "SHEP") shares, Brian Lines did not conduct any "due diligence" and his investment decisions were on behalf of a passive investor for which Brian Lines was acting as an investment advisor. The decision to purchase SHEP based solely on the recommendations of LOM customers, who were managing SHEP.

**INTERROGATORY NO. 6:**

From 1998 to date, identify any involvement you have had regarding any SEC filing: (i) by you, any agent on your behalf or any entity; and/or (ii) that concerned IHI, SHEP, Sedona, the Nominees or the Nominee Companies.

**OBJECTIONS AND RESPONSE:**

Brian Lines objects to the interrogatory's request for information "from 1998 to date" (a period of over eleven years), as paragraph 31 of the SEC's complaint states that the "relevant period" in this case is "mid-2002 through mid-2003" (a one-year period). He further objects to the extent the interrogatory may be read to ask about SEC filings that concerned entities or individuals not the subject of the complaint. The basis for objection is that such additional information is not relevant to any party's claim or defense.

4

To the best of his present recollection, Brian Lines had no personal involvement regarding any SEC filing that concerned IHI, SHEP, Sedona, the Nominees or the Nominee Companies during 2002 and 2003, and no agent or entity acted on his behalf as to any such SEC filing. Brian Lines had one or more conversations with James Curtis and/or Todd Peever suggesting that they seek advice with respect to any regulatory requirements for disclosure relating to SHEP, but had no personal involvement with any such filings with the SEC.

**INTERROGATORY NO. 7:**

Describe whether you had the ability to remotely access LOM electronic records, including trading systems, customer accounts, email systems, and/or other hardware or software systems between January 1, 2002 and January 1, 2004; whether you did so and the means by which you did so.

**OBJECTIONS AND RESPONSE:**

Brian Lines has no recollection of being able to remotely access LOM electronic records, including trading systems, customer accounts, email systems, and/or other hardware or software systems between January 1, 2002 and January 1, 2004.

**INTERROGATORY NO. 8:**

Identify all steps you have taken to locate and produce documents (including recordings) that are responsive to any of the Commission's prior and/or current document requests regarding LOM, Sedona, Renaissance, IHI, SHEP, the SEC Investigation or the BMA Investigation, including, but not limited to: who conducted the search; any person who assisted you other than your counsel; the specific systems that were searched; whether your individual hard drives, personal computers or personal digital assistants were searched; and what third parties were contacted for responsive documents.

**OBJECTIONS AND RESPONSE:**

This interrogatory substantially repeats Interrogatory No. 9 to the LOM Defendants. Brian Lines adopts, incorporates by reference and restates the LOM Defendants' objections and response to that interrogatory.

**INTERROGATORY NO. 9:**

For Sedona share certificate Nos. 101, 105, 161, 162, 163, 164, 165 and 166 (as identified in SEC006920-21), provide the following: the person who received the certificate; what that person did with the certificate; the precise location(s) where each certificate was ever stored; how and why these certificates were sent to Edward Pinkney (including who instructed this to be done, why it was done, whether any payments were exchanged, your relationship with Pinkney and any agreements concerning this transfer); and how and why these certificates were sent to John Cooper (including who instructed this to be done, why it was done, whether any payments were exchanged, and any agreements concerning this transfer).

**OBJECTIONS AND RESPONSE:**

This interrogatory repeats Interrogatory No. 10 to the LOM Defendants. Brian Lines adopts, incorporates by reference and restates the LOM Defendants' objections and response to that interrogatory.

**INTERROGATORY NO. 10:**

Identify each communication or document on which you rely in defending the allegations contained in the Complaint or in making denials in your Answer to the Complaint.

**OBJECTIONS AND RESPONSE:**

This interrogatory repeats Interrogatory No. 12 to the LOM Defendants. Brian Lines adopts, incorporates by reference and restates the LOM Defendants' objections and response to that interrogatory.

**INTERROGATORY NO. 11:**

Identify any written or otherwise memorialized statements, and any oral statements taken from any person(s) with respect to the allegations of the Complaint or your denials made in the Answer to the Complaint. For each such statement identify the person(s) from whom the statement was taken; the date of the statement; whether it was written or oral; how it was memorialized; and the substance of the statement.

**OBJECTIONS AND RESPONSE:**

This interrogatory repeats Interrogatory No. 13 to the LOM Defendants. Brian Lines adopts, incorporates by reference and restates the LOM Defendants' objections and response to that interrogatory.

**INTERROGATORY NO. 12:**

Identify each person who provided information in connection with your responses to these interrogatories.

**OBJECTIONS AND RESPONSE:**

This interrogatory substantially repeats Interrogatory No. 14 to the LOM Defendants. Brian Lines adopts, incorporates by reference and restates the LOM Defendants' objections and response to that interrogatory.

Subject to the foregoing specific and general objections incorporated by reference, Brian Lines states that he provided the information in response to these interrogatories, except that with respect to the responses by LOM that are incorporated by reference in the response herein, Brian Lines refers to the persons identified by LOM in response to Interrogatory No. 14 addressed to LOM.

Dated: March 11, 2009

*/s/ Kate Woodall*
Philip M. Smith  (PS 8132)
Kate S. Woodall  (KW 8514)
PATTON BOGGS LLP
1185 Avenue of the Americas, 30th Floor
New York, New York 10036
Telephone: (646) 557-5045
Email: pmsmith@pattonboggs.com
        kwoodall@pattonboggs.com

7

## CERTIFICATE OF SERVICE

I certify that on March 11, 2009, I caused a copy of the forgoing to be served by electronic mail on: **(i)** Plaintiff's counsel, David Williams, Esq., Securities and Exchange Commission, 100 F Street NE, Washington DC 20549, williamsdav@sec.gov; **(ii)** Defendant LOM entities' counsel, Reid M. Figel and Derek T. Ho, Esqs., Kellogg, Huber, Hanson, Todd, Evans, and Figel, PLLC, 1615 M Street NW, Washington DC 20036, rfigel@khhte.com, and dho@khhte.com; and **(iii)** Defendant Scott Lines' counsel, Stephen J. Crimmins, Esq., Mayer Brown LLP, 1909 K Street NW, Washington DC 20006, scrimmins@mayerbrown.com.

I will shortly serve a duplicate copy with signed verification by U.S. Mail on each of the foregoing counsel.

*Kate Woodall*
Kate S. Woodall