## SUBSCRIPTION AGREEMENT
(THE "AGREEMENT")
(Reporting Issuer)

The undersigned subscriber (the "Subscriber") hereby subscribes for and agrees to purchase 266,666 units (the "Securities") of Inside Holdings Inc. (the "Company") at a price of US$0.75 per Security, for aggregate proceeds of US$ 200,000 (the "Funds"), each Security consisting of one common share in the capital of the Company and one-half of one non-transferable share purchase warrant (the "Warrant"), all on the terms and subject to the conditions set forth in Schedule A attached hereto. Each whole Warrant entitles the Subscriber to purchase one additional common share (the "Warrant Share") in the capital of the Company for a period of one year from the issuance of the Securities, at a price of US$1.25

**EXECUTION BY SUBSCRIBER**

_____
Signature of Individual Subscriber or
Authorized Signatory of Subscriber
(if Subscriber is not an individual)

Name of Subscriber: LARGO FLIGHT LIMITED

Name(s) of Beneficial Owner(s):
MR BRIAN LINES - 50%
MR SCOTT LINES - 50%

_____
Signature of Witness

Print/Type Name of Witness: Natasha Nunes

Address of Subscriber: REDACTED
REDACTED

Number and type of securities of the Company directly and indirectly held by the Subscriber: NONE

Name of Contact Person, if Subscriber not an individual: MR CUEVA HOLDER

Telephone Number of Subscriber or Contact Person: ( ) 441 292 5000

Email Address of Subscriber or Contact Person: CUEVA HOLDER

Facsimile Number of Subscriber or Contact Person: ( ) 441 296 5298

Executed by the Subscriber this 27th day of August, 2002.

Please complete the following section if you require the certificate(s) representing the Securities to appear in the name of an intermediary, such as your broker or RRSP, or require the certificate(s) to be delivered to an address other than that shown above.

**REGISTRATION INSTRUCTIONS**

Name to appear on certificate(s): LARGO FLIGHT LIMITED

Account reference, if applicable: _____

Address of Intermediary: SAME AS ABOVE

**DELIVERY INSTRUCTIONS**

Name and account reference, if applicable: SAME AS ABOVE

Contact Person: _____

Address for Delivery: _____

Telephone Number of Contact Person: _____

ACCEPTED by the Company this 16 day of September, 2002.

INSIDE HOLDINGS INC.
Per: _____
       Authorized Signatory

C:\TEMP\Subscription PP AGMT Cdn US (Final) 0602.doc

SEC061485



## The LOM Group

The LOM Building,
27 Reid Street,
Hamilton HM 11, Bermuda.
Telephone  (441) 292 5000     Facsimile (441) 296 5298

# Facsimile Cover Sheet

### PRIVATE AND CONFIDENTIAL

This communication is intended solely for the use of the individual or entity to whom it is addressed. It may contain information that is privileged, personal and confidential. If you are not the intended recipient, or the person responsible for delivering the fax to the intended recipient, be advised that you have received this fax in error and that any use, dissemination, forwarding, printing, or copying of this fax is strictly prohibited. If you have received this fax in error please notify the sender immediately.

Date:  August 27, 2002                                                Pages  1 + 1

| | |
|---|---|
| FROM: | Natasha Nunes |
| TO: | Betty Anne Loy |
| COMPANY: | Primary Capital Group |
| FAX: | 604 687 8678 |
| CC: | |

Re : Inside Holdings Inc - Private Placement

With reference to the above we are enclosing the subscription document for 266,666 units for our clients Largo Flight Limited. The original documents will be sent to you by courier and we await your complete wire instructions to send the funds.

Let us know should you require any further information.

Best Regards,

Natasha Nunes
Lines Overseas Management Limited
Bermuda



FOR VALUE RECEIVED the undersigned hereby sells, assigns and transfers unto

PLEASE INSERT SOCIAL INSURANCE NUMBER OF TRANSFEREE

_____
(Name and address of transferee)

_____ shares registered in the name of the undersigned on the books of the Corporation named on the face of this certificate and represented hereby, and irrevocably constitutes and appoints

_____ the attorney of the undersigned to transfer the said shares on the register of transfers and books of the Corporation with full power of substitution hereunder.

DATED:

_____           _____
(Signature of Witness)                                    (Signature of Shareholder)

NOTICE: The signature of this assignment must correspond with the name as written upon the face of the certificate, in every particular, without alteration or enlargement, or any change whatsoever, and must be guaranteed by a chartered bank or an eligible guarantor institution with membership in an approved signature guarantee medallion program.

Signature Guaranteed By:

"THE SECURITIES REPRESENTED BY THIS CERTIFICATE HAVE NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933 (THE "ACT"), AS AMENDED, OR ANY APPLICABLE STATE SECURITIES LAW. THESE SECURITIES MAY NOT BE SOLD, DISTRIBUTED, ASSIGNED, OFFERED, PLEDGED OR OTHERWISE TRANSFERRED OR DISPOSED OF EXCEPT IN ACCORDANCE WITH THE PROVISIONS OF REGULATION S, PURSUANT TO AN EFFECTIVE REGISTRATION STATEMENT FILED WITH THE SECURITIES AND EXCHANGE COMMISSION UNDER THE ACT, OR PURSUANT TO AN AVAILABLE EXEMPTION FROM REGISTRATION UNDER THE ACT. HEDGING TRANSACTIONS INVOLVING THE SECURITIES MAY NOT BE CONDUCTED UNLESS IN COMPLIANCE WITH THE ACT."

SEC061488

"THE SECURITIES REPRESENTED BY THIS CERTIFICATE AND THE SECURITIES TO BE ISSUED UPON ITS EXERCISE HAVE NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933 (THE "ACT"), AND HAVE BEEN ISSUED IN RELIANCE UPON AN EXEMPTION FROM THE REGISTRATION REQUIREMENTS OF THE ACT PROVIDED BY REGULATION S PROMULGATED UNDER THE ACT. SUCH SECURITIES MAY NOT BE REOFFERED FOR SALE OR RESOLD OR OTHERWISE TRANSFERRED EXCEPT IN ACCORDANCE WITH THE PROVISIONS OF REGULATION S, PURSUANT TO AN EFFECTIVE REGISTRATION UNDER THE ACT, OR PURSUANT TO AN AVAILABLE EXEMPTION FROM REGISTRATION UNDER THE ACT. THIS WARRANT MAY NOT BE EXERCISED IN THE UNITED STATES OR BY OR ON BEHALF OF A PERSON IN THE UNITED STATES OR A U.S. PERSON UNLESS THE WARRANT AND THE UNDERLYING SHARES AND WARRANTS HAVE BEEN REGISTERED UNDER THE ACT AND THE APPLICABLE SECURITIES LEGISLATION OF ANY SUCH STATE OR AN EXEMPTION FROM SUCH REGISTRATION REQUIREMENTS IS AVAILABLE. "UNITED STATES" AND "U.S. PERSON" ARE AS DEFINED BY REGULATION S UNDER THE ACT. HEDGING TRANSACTIONS INVOLVING THE SECURITIES MAY NOT BE CONDUCTED UNLESS IN COMPLIANCE WITH THE ACT."

THIS WARRANT WILL BE VOID AND OF NO VALUE UNLESS EXERCISED ON OR BEFORE SEPTEMBER 12, 2003

**SHEP TECHNOLOGIES INC.**
(Incorporated under the laws of Yukon Corporations Business Act)

No. 02-0015

Right to Purchase
133,333 Common Shares

### WARRANT FOR PURCHASE OF COMMON SHARES (ONE YEAR)

THIS IS TO CERTIFY THAT, for value received, **Largo Flight Limited, c/o LOM Group of 27 Reid Street, Hamilton HM11, Bermuda** (the "Holder") is entitled to subscribe for and purchase **133,333** fully paid and non-assessable common shares of SHEP TECHNOLOGIES INC., (the "Corporation") at any time up to the close of business in Vancouver, British Columbia on **September 12, 2003** at and for a price of US$1.25 per share subject however to the provisions and to the terms and conditions set forth herein.

The rights represented by this Warrant may be exercised by the Holder hereof, in whole or in part (but not as to a fractional share of Common Shares), by surrender of this Warrant at the office of Computershare Trust Company of Canada, 4th Floor, 510 Burrard Street, Vancouver, B.C., V6C 3B9, together with a certified cheque payable to or to the order of the Corporation in payment of the purchase price of the number of Common Shares subscribed for.

In the event of an exercise of the rights represented by this Warrant, certificates for the Common Shares so purchased shall be delivered to the Holder hereof within a reasonable time, not exceeding ten (10) days after the rights represented by this Warrant shall have been so exercised, and, unless this Warrant has expired, a new Warrant representing the number of Common Shares, if any with respect to which this Warrant shall not have been exercised shall also be issued to the Holder hereof within such time.

Any certificates issued in the event of an exercise of the rights represented by this Warrant shall bear the following legend:

"THE SECURITIES REPRESENTED BY THIS CERTIFICATE HAVE NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933 (THE "ACT"), AS AMENDED, OR ANY APPLICABLE STATE SECURITIES LAW. THESE SECURITIES MAY NOT BE SOLD, DISTRIBUTED, ASSIGNED, OFFERED, PLEDGED OR OTHERWISE TRANSFERRED OR DISPOSED OF EXCEPT IN ACCORDANCE WITH THE PROVISIONS OF REGULATION S, PURSUANT TO AN EFFECTIVE REGISTRATION STATEMENT FILED WITH THE SECURITIES AND EXCHANGE COMMISSION UNDER THE ACT, OR PURSUANT TO AN AVAILABLE EXEMPTION FROM REGISTRATION UNDER THE ACT. HEDGING TRANSACTIONS INVOLVING THE SECURITIES MAY NOT BE CONDUCTED UNLESS IN COMPLIANCE WITH THE ACT."

The Corporation covenants and agrees that all Common Shares which may be issued upon the exercise of the rights represented by this Warrant will, upon issuance, be fully paid and non-assessable and free of all liens, charges and encumbrances. The Corporation further covenants and agrees that during the period within which the rights represented by this Warrant may be exercised, the Corporation will at all times have authorized, and reserved, a sufficient number of Common Shares to provide for the exercise of the rights represented by this Warrant.

SEC061489

THE FOLLOWING ARE THE TERMS AND CONDITIONS REFERRED TO IN THIS WARRANT:

1. If any capital reorganization or reclassification of the capital stock of the Corporation, or the consolidation or merger, or amalgamation of the Corporation with another Corporation, or the sale of all or substantially all of the assets to another corporation, shall be effected, then as a condition of such reorganization, reclassification, consolidation, merger, amalgamation or sale, lawful and adequate provision shall be made whereby the Holder hereof shall thereafter have the right to purchase and receive upon the basis and upon the terms and conditions specified in this Warrant and in lieu of the Common Shares immediately theretofore purchasable and receivable upon the exercise of the rights represented hereby, such shares of stock, securities or assets as may be issued or payable with respect to or in exchange for a number of outstanding Common Shares equal to the number of Common Shares immediately theretofore purchasable and receivable upon the exercise of the rights represented hereby had such reorganization, reclassification, consolidation, merger, amalgamation or sale not taken place and in any such case, appropriate provision shall be made with respect to the rights and interests of the Holder of this Warrant to the end that provisions hereof shall thereafter be applicable, as nearly as may be, in relation to any shares of stock, securities or assets thereafter deliverable upon the exercise hereof. The Corporation shall not effect any such consolidation, merger, amalgamation or sale, unless prior to or simultaneously with the consummation thereof the successor corporation (if other than the Corporation) resulting from such consolidation or merger or amalgamation or the corporation purchasing such assets shall assume by written instrument executed and mailed or delivered to the registered holder hereof at the address of such holder appearing on the books of the Corporation, the obligation to deliver to such holder such shares or stock, securities or assets as, in accordance with the foregoing provisions, such holder may be entitled to purchase.

2. In case at any time:

   (i) the Corporation shall pay any dividend payable in stock upon its Common Shares or make any distribution to the holders of its Common Shares;

   (ii) the Corporation shall offer for subscription pro rata to the holders of its Common Shares any additional shares of stock of any class or other rights;

   (iii) there shall be any capital reorganization, or reclassification of the capital stock of the Corporation, or consolidation or merger or amalgamation of the Corporation with, or sale of all or substantially all of its assets to, another corporation; or

   (iv) there shall be a voluntary or involuntary dissolution, liquidation, or winding-up of the Corporation;

   then, and in any one or more of such cases, the Corporation shall give to the holder of this Warrant, at least twenty (20) days' prior written notice of the date on which the books of the Corporation shall close or a record shall be taken for such dividend, distribution or subscription rights, or for determining rights to vote with respect to such reorganization, reclassification, consolidation, merger, sale or amalgamation, dissolution, liquidation or winding-up and in the case of any such reorganization, reclassification, consolidation, merger, amalgamation, sale, dissolution, liquidation or winding-up, at least twenty (20) days' prior written notice of the date when the same shall take place. Such notice in accordance with the foregoing clause, shall also specify, in the case of any such dividend, distribution or subscription rights, the date on which the holders of Common Shares shall be entitled thereto, and such notice in accordance with the foregoing shall also specify the date on which the holders of Common Shares shall be entitled to exchange their Common Shares for securities or other property deliverable upon such reorganization, reclassification, consolidation, merger, amalgamation, sale, dissolution, liquidation or winding-up as the case may be. Each such written notice shall be given by first class mail, registered postage prepaid, addressed to the holder of this Warrant at the address of such holder, as shown on the books of the Corporation.

3. As used herein, the term "Common Shares" shall mean and include the Corporation's presently authorized Common Shares and shall also include any capital stock of any class of the Corporation hereafter authorized which shall not be limited to a fixed sum or percentage in respect of the rights of the holders thereof to participate in dividends and in the distribution of assets upon the voluntary or involuntary liquidation, dissolution or winding-up of the Corporation.

4. This Warrant shall not entitle the Holder hereof to any rights as a shareholder of the Corporation, including without limitation, voting rights.

5. The Warrant holders may not convene a meeting to extend the term of the Warrants.

SHEP/Warrant

- 2 -

SEC061490

6. This Warrant is exchangeable, upon the surrender hereof by the Holder hereof at the office of the Transfer Agent of the Corporation, for new Warrants of like tenor representing in the aggregate the right to subscribe for and purchase the number of shares which may be subscribed for and purchased hereunder, each of such new Warrants to represent the right to subscribe for and purchase such number of Common Shares as shall be designated by such Holder hereof at the time of such surrender.

IN WITNESS WHEREOF SHEP TECHNOLOGIES INC. has caused this Warrant to be signed by its duly authorized officers under its corporate seal and this Warrant to be executed this 29 day of November, 2002.

SHEP TECHNOLOGIES INC.

_____
Authorized Signatory

_____
Authorized Signatory

SHEP/Warrant                                                     - 3 -

SEC061491

## WARRANT SUBSCRIPTION FORM

The undersigned (the "Subscriber") hereby subscribes for the number of the common shares indicated below (the "Warrant Shares") pursuant to the terms of the Warrant, and encloses herewith original warrant No. 02-0015 together with a certified cheque payable to or to the order of **SHEP TECHNOLOGIES INC.** (the "Corporation") in full payment of the purchase price for that number of common shares.

The Subscriber represents and warrants to the Corporation and agrees with the Corporation that:

1. The Subscriber is not a "U.S. Person" as defined by Regulation S of the Securities Act of 1933 (the "Securities Act") and is not exercising the Warrants or acquiring the Warrant Shares for the account or benefit of a U.S. Person.

2. The Subscriber was not in the United States at the time the Warrants were exercised.

3. The Subscriber acknowledges that the Warrant Shares are "restricted securities" within the meaning of the Securities Act and will be issued to the Subscriber in accordance with Regulation S of the Securities Act.

4. The Subscriber agrees not to engage in hedging transactions with regard to the Warrant Shares unless in compliance with the Securities Act.

5. The Subscriber agrees that the Corporation will refuse to register any transfer of the Warrant Shares not made in accordance with the provisions of Regulation S of the Securities Act, pursuant to registration under the Securities Act, pursuant to an available exemption from registration, or pursuant to this Agreement. The Subscriber agrees that the Subscriber has no right to require the Corporation to register the Warrant Shares under the Act.

6. The Subscriber agrees to resell the Warrant Shares only in accordance with the provisions of Regulation S of the Securities Act, pursuant to registration under the Securities Act, or pursuant to an available exemption from registration pursuant to the Securities Act.

7. The Subscriber acknowledges and agrees that all certificates representing the Warrant Shares will be endorsed with the following legend in accordance with Regulation S of the Securities Act:

> "THE SECURITIES REPRESENTED BY THIS CERTIFICATE HAVE NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933 (THE "ACT"), AND HAVE BEEN ISSUED IN RELIANCE UPON AN EXEMPTION FROM THE REGISTRATION REQUIREMENTS OF THE ACT PROVIDED BY REGULATION S PROMULGATED UNDER THE ACT. SUCH SECURITIES MAY NOT BE REOFFERED FOR SALE OR RESOLD OR OTHERWISE TRANSFERRED EXCEPT IN ACCORDANCE WITH THE PROVISIONS OF REGULATION S, PURSUANT TO AN EFFECTIVE REGISTRATION UNDER THE ACT, OR PURSUANT TO AN AVAILABLE EXEMPTION FROM REGISTRATION UNDER THE ACT. HEDGING TRANSACTIONS INVOLVING THE SECURITIES MAY NOT BE CONDUCTED UNLESS IN COMPLIANCE WITH THE ACT".

| Full Name, Address and Occupation | Number of Shares | Payment Enclosed |
|---|---|---|
| _____ _____ _____ | _____ | $_____ |

DATED at _____, this _____ day of _____, 2002.

_____
Authorized Signatory

SHEP/Warrant                                                            - 4 -

SEC061492