```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
SECURITIES AND EXCHANGE COMMISSION,      :
                                         :
                    Plaintiff,           :
                                         :
          -v-                            :
                                         :    07 Civ. 11387 (DLC)
BRIAN N. LINES, SCOTT G.S. LINES, LOM    :
(HOLDINGS) LTD., LINES OVERSEAS          :
MANAGEMENT LTD., LOM CAPITAL LTD., LOM   :    MEMORANDUM OPINION
SECURITIES (BERMUDA) LTD., LOM           :        AND ORDER
SECURITIES (CAYMAN) LTD., LOM            :
SECURITIES (BAHAMAS) LTD., ANTHONY W.    :
WILE, WAYNE E. WILE, ROBERT J. CHAPMAN,  :
WILLIAM TODD PEEVER, PHILLIP JAMES       :
CURTIS, and RYAN G. LEEDS,               :
                                         :
                    Defendants.          :
-----------------------------------------X
```

DENISE COTE, District Judge:

Defendants LOM (Holdings) Ltd., Lines Overseas Management Ltd., LOM Capital Ltd., LOM Securities (Bermuda) Ltd., LOM Securities Cayman Ltd., LOM Securities (Bahamas) Ltd., Brian N. Lines and Scott G.S. Lines (altogether, the "Lines Defendants") have moved to exclude the testimony of the expert James M. Cangiano offered by the Securities and Exchange Commission ("SEC") in this action.[1]  The motion is denied.

The defendants make essentially three arguments to support their motion.  They first contend that the expert has not

---

[1] Defendant Anthony Wile filed a separate motion to exclude Cangiano's testimony on January 25, 2010, in which he expresses his desire to "join" the motion filed by the Lines Defendants.

identified a reliable methodology to support his description of the common characteristics of a pump and dump scheme. Cangiano is well qualified by years of experience as a regulator to describe this species of securities fraud, and has given an extensive and detailed report explaining the hallmarks of such a scheme. The defendants' complaint that his opinion is inadmissible as conclusory or otherwise unreliable and unhelpful is rejected. Their arguments that (1) many of the characteristics that the expert identifies as associated with pump and dump schemes can also be found in legitimate transactions, and (2) he did not adequately consider factors that tend to show that a transaction is not a pump and dump scheme, may be proper as lines of cross-examination but do not render the testimony inadmissible.

The defendants' two remaining arguments are addressed both to portions of the expert's report and to testimony that he gave during his deposition. The defendants request that Cangiano be barred from opining that a pump and dump occurred in this case because <u>inter alia</u> such testimony would impinge on the jury's duty to decide whether the defendants engaged in securities fraud. They also object to several specific opinions offered by the expert in which he characterizes some of the defendants' conduct. In opposition to this motion, the SEC has explained

that it will not be offering certain of these opinions through Cangiano's direct testimony.

In advance of trial, the SEC shall advise the defendants of those portions of the expert report that it will elicit on the expert's direct examination. The defendants will have an opportunity to object, prior to the expert testifying, in the event they believe the direct testimony will improperly invade the province of the Court or the jury. The parties are advised that any rulings may be conditioned on the defendants' not "opening the door" to more expansive testimony from the expert.

Conclusion

The Lines Defendants' January 27 motion and Wile's January 25 motion to exclude the opinion testimony of James Cangiano are denied.

SO ORDERED.

Dated:   New York, New York
         July 26, 2010

```
                                    _____
                                            DENISE COTE
                                    United States District Judge
```