UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
SECURITIES AND EXCHANGE COMMISSION,      :
                                         :
                 Plaintiff,              :   07 Civ. 11387 (DLC)
                                         :
        –v–                              :      MEMORANDUM
                                         :   OPINION & ORDER
BRIAN N. LINES, SCOTT G.S. LINES, LOM    :
(HOLDINGS) LTD., LINES OVERSEAS          :
MANAGEMENT LTD., LOM CAPITAL LTD., LOM   :
SECURITIES (BERMUDA) LTD., LOM           :
SECURITIES (CAYMAN) LTD., LOM SECURITIES :
(BAHAMAS) LTD., ANTHONY W. WILE, WAYNE   :
E. WILE, ROBERT J. CHAPMAN, WILLIAM TODD :
PEEVER, PHILLIP JAMES CURTIS, and RYAN   :
G. LEEDS,                                :
                                         :
                 Defendants.             :
                                         :
---------------------------------------- X

APPEARANCES:

For plaintiff:
David Williams
Securities and Exchange Commission
100 F Street, N.E.
Washington, DC 20549

DENISE COTE, District Judge:

        The Securities and Exchange Commission ("SEC") commenced

this action on December 19, 2007, alleging that two separate,

but similar, fraudulent schemes occurred between 2002 and mid-

2003.  On August 25, 2008, the Court entered consent judgments

against defendants Phillip James Curtis ("Curtis") and William

Todd Peever ("Peever").  On June 18, 2010, the Court entered

default judgment against defendant Robert J. Chapman

("Chapman").  The SEC moved for judgment imposing disgorgement, prejudgment interest, and civil penalties as to Curtis, Peever, and Chapman on January 14, 2011.  The motion was referred to Magistrate Judge Debra Freeman on January 19 for an inquest and Report and Recommendation as to damages ("Report").  On June 9, Judge Freeman issued her Report.  The parties have not submitted objections to the Report.  For the following reasons, the Report's recommendations are adopted with modification only as to the date for calculation of prejudgment interest.


BACKGROUND

The SEC alleges that the fraudulent schemes at issue in this case manipulated the stock prices of two publicly traded companies quoted on the Over-the-Counter Bulletin Board.  In the first scheme, Curtis and Peever secretly acquired a majority of the outstanding shares of Inside Holdings Inc. ("IHI"), convinced IHI to enter into a reverse merger agreement with SHEP Technologies, Inc. ("SHEP"), paid for reports recommending SHEP stock without disclosing their ownership of SHEP, and sold shares of SHEP yielding proceeds of more than $3.1 million (the "SHEP Scheme").  Curtis and Peever failed to report these profits to the SEC.  In the second scheme, Chapman, the publisher of an online investment newsletter, disseminated false

and misleading information about Renaissance Mining Corporation
("Renaissance") and Sedona Software Solutions, Inc. ("Sedona"),
two companies that other defendants owned and merged together,
without disclosing his own financial interest in Renaissance.
When the SEC suspended trading in Sedona stock, Chapman was
unable to convert his Renaissance holdings into publicly-traded
shares and, therefore, could not sell these holdings.

The SEC alleges that Curtis and Peever violated the
antifraud provisions of Section 10(b) of the Securities Exchange
Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b); Rule 10b-5, 17
C.F.R. § 240.10b-5 ("Rule 10b-5"); the registration provisions
of Section 5 of the Securities Act of 1933 ("Securities Act"),
15 U.S.C. § 77e; the antifraud provisions of Section 17(a) of
the Securities Act, 15 U.S.C. § 77q(a); Section 13(d)(1) of the
Exchange Act; and Rule 12-d-1(a), 17 C.F.R. 240.13d-1(a).  The
SEC alleges that Chapman violated Section 10(b) of the Exchange
Act and Rule 10b-5.


DISCUSSION

A district court "may accept, reject, or modify, in whole
or in part, the findings or recommendations made by the
magistrate judge."  28 U.S.C. § 636(b)(1)(C).  To accept those
portions of the report to which no timely objection has been

3

made, "a district court need only satisfy itself that there is no clear error on the face of the record." Romita v. Anchor Tank Lines Corp., No. 09 Civ. 9997 (DLC), 2011 WL 1641981, at *1 (S.D.N.Y. Apr. 29, 2011) (citation omitted).

The Report makes the following recommendations as to damages.  First, the Report correctly applies the rule that when a defendant is found liable for violations of a federal securities law, a court may grant disgorgement of any ill-gotten gains as an equitable remedy.  SEC v. Cavanagh, 445 F.3d 105, 116-17 (2d Cir. 2006).  The Report therefore recommends an award of $2,894,537.48, which represents the joint ill-gotten gains from the SHEP Scheme, adding together Curtis's profits of $1,557,857.68 and Peever's profits of $1,336,679.80.  The Report also correctly recommends joint and several liability for Curtis and Peever's total profits because they collaborated in the illegal conduct.  SEC v. AbsoluteFuture.com, 393 F.3d 94, 97 (2d Cir. 2004).

Second, the Report correctly states the rule that a court may award prejudgment interest on the disgorged funds, calculated by applying the Internal Revenue Service tax underpayment rate ("IRS Rate") set forth in 26 U.S.C. § 6621(a)(2).  SEC v. First Jersey Sec., Inc., 101 F.3d 1450, 1474-77 (2d Cir. 1996).  The Report, however, does not explain

4

why June 23, 2003 is the date from which interest should be
calculated.  The last date that either Peever or Curtis sold
SHEP stock resulting in illegal proceeds was June 18, 2003.  The
SEC is entitled, therefore, to prejudgment interest at the IRS
Rate from June 18, 2003, to the date of judgment.

Third, the Report correctly recommends third-tier civil
penalties against Curtis, Peever, and Chapman each in the amount
of $120,000.  Third-tier civil penalties are applicable when the
defendants' actions involved "fraud, deceit, manipulation, or
deliberate or reckless disregard of a regulatory requirement,"
and when the violations "directly or indirectly resulted in
substantial losses or created a significant risk of substantial
losses to other persons."  15 U.S.C. § 78u(d)(3)(B)(iii); SEC v.
Kern, 425 F.3d 143, 153 (2d Cir. 2005).  Curtis and Peever
actively participated in an eight-month scheme to manipulate a
publicly-traded stock that resulted in material losses suffered
by innocent purchasers of SHEP stock.  Chapman recklessly
published misleading reports touting the value of Sedona stock
while concealing his own financial interests, which artificially
inflated trading of Sedona shares and created a risk of
substantial losses to unwitting purchasers.  Third-tier civil
penalties are therefore appropriate.  Citing 17 C.F.R. §§
201.1001, 201.1003, 201.1004, the Report appropriately

recommends the maximum third-tier civil penalty applicable to violations that occurred between 2002 and 2003.  Therefore, this Opinion accepts the Report's recommendation awarding civil penalties in the amount of $120,000 per defendant.

CONCLUSION

Finding no clear error in Magistrate Judge Freeman's Report, other than the adjustment necessary to calculate prejudgment interest, the Report is adopted with the modification described above.  The SEC is directed to draft a proposed order entering judgment against Curtis and Peever for $2,894,537.48 in disgorgement on a joint and several basis, plus prejudgment interest to be calculated by the SEC accruing from June 18, 2003 to the date it submits the proposed order.  The SEC's proposed order will also enter judgments against Curtis, Peever, and Chapman each for $120,000 in civil penalties.  This proposed order must be filed no later than August 23, 2011.  The parties' failure to file written objections precludes appellate

review of this decision, except for the start date for the accrual of prejudgment interest.  See United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997).

     SO ORDERED:

Dated:    New York, New York
           August 16, 2011

                                  DENISE COTE
                       United States District Judge